**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
: 
IRVING H. PICARD,                    :
                                     :
             Plaintiff,            :
                                     :   11-CV-03605 (JSR)
   - against -                     :
                                     :
SAUL B. KATZ, et al.,                :
                                     :
            Defendants.           :
                                     :
------------------------------------ x

**REPLY MEMORANDUM OF LAW REGARDING DETERMINATION**
**OF "FOR VALUE" AND NET EQUITY DECISION**

## TABLE OF CONTENTS

PAGE

ARGUMENT ..................................................................................................................1

THE TRUSTEE AND SIPC IGNORE CUSTOMER RIGHTS UNDER
NON-BANKRUPTCY LAW AND THE TWO-YEAR LIMITATION OF
SECTION 548(a)(1)(A) ..................................................................................................1

CONCLUSION ...............................................................................................................6

## TABLE OF AUTHORITIES

CASES

*Armstrong v. Collins*,
   No. 01 Civ. 2437, 2010 U.S. Dist. LEXIS 28075 (S.D.N.Y. Mar. 24, 2010) ................3

*Barnhill v. Johnson*, 503 U.S. 393 (1992) ........................................................................3

*BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) ........................................................2

*Butner v. United States*, 440 U.S. 48 (1979) ................................................................2, 4

*Cunningham v. Brown*, 265 U.S. 1 (1924) ........................................................................4

*Donell v. Kowell*, 533 F.3d 762 (9th Cir. 2008) ................................................................3

*English v. Gen. Elec. Co.*, 496 U.S. 72 (1990) ..................................................................2

*In re Adler, Coleman Clearing Corp.*, 277 B.R. 520 (Bankr. S.D.N.Y. 2002) ..................4

*In re Bayou Group, LLC*, 362 B.R. 624 (Bankr. S.D.N.Y. 2007) .....................................3

*In re Bayou Group, LLC*, 439 B.R. 284 (S.D.N.Y. 2010) .................................................2

*In re Carrozzella & Richardson*, 286 B.R. 480 (D. Conn. 2002) .....................................3

*In re Dreier LLP*, 452 B.R. 391 (Bankr. S.D.N.Y. 2011) ..................................................3

*In re Hedged-Investments Assocs., Inc.*, 84 F.3d 1286 (10th Cir. 1996) .......................2, 3

*In re M&L Bus. Mach. Co.*, 59 F.3d 1078 (10th Cir. 1995) ..............................................4

PAGE

*In re Nat'l Liquidators, Inc.*, 232 B.R. 915 (Bankr. S.D. Ohio 1998) .................................3

*In re Unified Commercial Capital, Inc.*, 260 B.R. 343 (Bankr. W.D.N.Y. 2001) ...........5, 6

*In re Unified Commercial Capital*,
     No. 01-MBK-6004L, 2002 WL 32500567 (W.D.N.Y. June 21, 2002) .........................3

*Picard v. Katz*,
     No. 11 Civ. 3605, 2011 U.S. Dist. LEXIS 109595 (S.D.N.Y. Sept. 27, 2011) ..............5

*Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000) ..........................................................4

STATUTES & RULES

11 U.S.C. § 548(a)(1)(A) ............................................................................................. *passim*

11 U.S.C. § 548(c) ...................................................................................................................1

Defendants respectfully submit this reply memorandum of law in response to the memoranda of the Trustee and the Securities Investor Protection Corporation ("SIPC") regarding the determination of "value" with respect to avoidance claims under 11 U.S.C. § 548(a)(1)(A). The Trustee and SIPC propose entirely different rationales for disregarding the two-year limitations period of 11 U.S.C. § 548(a)(1)(A), but neither recognizes customers' rights under the law governing transactions with brokers, or offers any authority to justify retroactively eviscerating those rights to avoid transfers prior to the two-year period.

## ARGUMENT

### THE TRUSTEE AND SIPC IGNORE CUSTOMER RIGHTS UNDER NON-BANKRUPTCY LAW AND THE TWO-YEAR LIMITATION OF SECTION 548(a)(1)(A)

In their opening brief, Defendants demonstrated both that Article 8 of the New York Uniform Commercial Code governed transactions between BLMIS and its customers before its filing under the Securities Investor Protection Act ("SIPA"), and that transfers before the two-year limitations period of 11 U.S.C. § 548(a)(1)(A) are outside the reach of the Trustee's avoidance powers. Consequently, each Defendant's account balance immediately before the start of the two-year period, together with any deposits within the period, must be recognized as "value" when evaluating the avoidability of any transfer within the period as fraudulent.

Indeed, Defendants contend that any withdrawal that discharged BLMIS' antecedent debt to its customers was "for value." And, in its opening brief, SIPC agrees, arguing that the satisfaction of "antecedent debt" constitutes "value" for purposes of 11 U.S.C. § 548(c) and that "debt" is to be construed broadly under the Bankruptcy Code.

1

(SIPC Br. at 3-5.)  But SIPC argues that because BLMIS was engaged in fraud, the "antecedent debt" owed by BLMIS to its customers is limited to net cash deposited—a contention that would permit the Trustee to ignore Article 8 and effectively to challenge transfers made long before the relevant two-year period of Section 548(a)(1)(A).

SIPC's position is legally unfounded.  Prior to the SIPA filing, a customer could have sued BLMIS under Article 8 for the full value owed pursuant to his brokerage statement, and BLMIS could not have argued that, because it was engaged in fraud, BLMIS was liable only for net cash deposited over time.[1]  The SIPA filing did not retroactively alter BLMIS' liability.  On the contrary, the avoidability of a pre-petition transfer is evaluated under non-bankruptcy law.  *See, e.g.*, *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law.  Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544-45 (1994) (rejecting avoidance of state foreclosure sale as fraudulent under 11 U.S.C. § 548 because state law precluded trustee's avoidance claim; "the Bankruptcy Code will be construed to adopt, rather than to displace, pre-existing state law" unless Congress's intent to the contrary is "'clear and manifest'" (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990)));

---

[1] The cases offered by SIPC do not generally arise in the broker/customer context, and are in any event inapposite.  *See, e.g.*, *In re Hedged-Investments Assocs., Inc.*, 84 F.3d 1286, 1290 (10th Cir. 1996) (equity investor identified no pre-existing legal right to payments in excess of principal); *In re Bayou Group, LLC*, 439 B.R. 284, 337 (S.D.N.Y. 2010) (recognizing, in the context of avoidance claims against equity investors, that if party had contracted for payment in excess of principal, payment consistent with contract would be for reasonably equivalent value).

*Barnhill v. Johnson*, 503 U.S. 393, 399-400 (1992) (relying upon the UCC to determine when a "transfer" by check occurred for purposes of preference avoidance).

Neither SIPC nor the Trustee provides authority for avoiding as fraudulent a transfer on account of pre-existing debt, or for retroactively altering that debt.[2] In fact, cases cited by both hold that where a transfer satisfies a pre-existing legal obligation, the transfer is "for value" and is not subject to avoidance as fraudulent. *See, e.g.*, *In re Carrozzella & Richardson*, 286 B.R. 480, 491 (D. Conn. 2002) (where payment by Ponzi schemer extinguished debt, payment could not be avoided as fraudulent); *In re Unified Commercial Capital*, No. 01-MBK-6004L, 2002 WL 32500567, at *8-9 (W.D.N.Y. June 21, 2002) (where debtor received value from loan, repayment not avoidable as fraudulent).

The argument put forward by the Trustee is entirely different, but equally unfounded. Making reference to no Bankruptcy Code provision, including those that

---

[2] The *Net Equity Decision* provides no support for SIPC or the Trustee, as it addresses only the priority of, and distributions on, claims *against* BLMIS. The other authorities relied upon by the Trustee are plainly inapposite because each of them concerns repayments to investors in schemes that bear no resemblance to brokerage contracts between customers and their registered broker. *See, e.g.*, *Donell v. Kowell*, 533 F.3d 762, 767-69 (9th Cir. 2008) (seeking avoidance of transfers made to investors in scheme related to Malaysian latex glove manufacturers); *In re Hedged-Investments Assocs.*, 84 F.3d at 1287 (seeking avoidance of transfers to equity investors who provided non-broker with money for purposes of trading in stock options); *Armstrong v. Collins*, No. 01 Civ. 2437, 2010 U.S. Dist. LEXIS 28075, at *1-9 (S.D.N.Y. Mar. 24, 2010) (federal receiver seeking avoidance of transfers to investors in a scheme involving, among other things, fake rubies, worthless baseball memorabilia, and stock manipulation); *In re Dreier LLP*, 452 B.R. 391, 398-99 (Bankr. S.D.N.Y. 2011) (seeking avoidance of transfers from law firm to hedge funds that invested in fraudulent scheme); *In re Bayou Group, LLC*, 362 B.R. 624, 626-27 (Bankr. S.D.N.Y. 2007) (seeking avoidance of payments on equity investments); *In re Nat'l Liquidators, Inc.*, 232 B.R. 915, 917 (Bankr. S.D. Ohio 1998) (seeking avoidance of transfers to equity investors in a fraudulent business).

define "value," "debt," or "claim," or to any other statutory support, the Trustee contends instead that he must be permitted to ignore customer rights under Article 8, and make calculations going back twenty-five years instead of two, to prevent "arbitrary and unfair results."[3]  (Trustee Br. at 3-4.)  But where a matter is governed by a statute, the Supreme Court has rejected resort to "equitable" powers to reach a result not contemplated by the statute.  The Trustee is not "authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements."  *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 24-25 (2000).  "[U]ndefined considerations of equity" provide no basis for departing from the plain terms of a statute.  *Butner*, 440 U.S. at 55-56.

The Trustee makes the particularly puzzling argument that the Bankruptcy Code's policy of equal treatment provides a basis for disregarding the two-year period.  Section 548(a)(1)(A) permits avoidance, within the two-year period, of *fraudulent conveyances*.  Yet the Trustee justifies this avoidance action by reference to *Cunningham v. Brown*, 265 U.S. 1 (1924), a *preference* case.[4]  (Trustee Br. at 8-9 & n.5.)  But, as this Court has

---

[3] The Trustee actually suggests that he would be entitled to assume that the value in a customer account at the start of the relevant period is *zero*. (Trustee Br. at 4.)  There is no legal or practical basis for such a proposition.  Further, that methodology would arbitrarily increase customer liability.  If, for example, a customer deposited $10 before the period began, and withdrew nothing until he withdrew $5 within the period, that $5 transfer would be avoidable under the two-year period but not under an unlimited period.  The Trustee's absurd proposition does not sanction any evasion of the two-year limit of Section 548(a)(1)(A).

[4] The other cases cited by SIPC and the Trustee are entirely irrelevant.  *See In re M&L Bus. Mach. Co.*, 59 F.3d 1078, 1079 (10th Cir. 1995) (proceeding involving only *Section 549*, which governs post-filing conduct); *In re Adler, Coleman Clearing Corp.*, 277 B.R. 520, 523 (Bankr. S.D.N.Y. 2002) (subordinating claims of complicit claimant under *Section 510*).

observed, preference and fraudulent conveyance concepts are different, as are the policies they serve. *See Picard v. Katz*, No. 11 Civ. 3605, 2011 U.S. Dist. LEXIS 109595, at *7-8 (S.D.N.Y. Sept. 27, 2011).

The preference provision is the Bankruptcy Code's principal mechanism for the achievement of equality among creditors. A payment on existing debt may be avoided as preferential if it results in one valid creditor being paid more than other valid creditors. Such a transfer is not avoidable, however, because it is not "for value"—it is avoidable only because an insolvent debtor may not choose among valid creditors within the ninety days preceding an insolvency filing.

But this is a fraudulent conveyance case. A fraudulent conveyance, by definition, was *not* made to discharge a valid debt or for any other "value." Fraudulent transfers are avoidable because they place assets beyond the reach of *any and all* creditors, without obtaining in exchange either new consideration or a concomitant reduction of antecedent debt. A transfer that repays valid debt cannot be avoided as fraudulent, and certainly cannot be avoided if it occurred before the temporal limit of Section 548(a)(1)(A). In this case, even SIPC agrees that transfers in satisfaction of antecedent debt, at least to the extent of net cash investment, or "principal," cannot be avoided. Therefore, unless a customer was willfully blind to BLMIS' fraud when he deposited funds with BLMIS, rendering the debt itself invalid, a transfer extinguishing BLMIS' obligation to that customer cannot be avoided as fraudulent.

The Trustee is trying to "force the square peg facts of a 'Ponzi' scheme into the round holes of the fraudulent conveyance statutes in order to accomplish a further reallocation and redistribution to implement a policy of equality of distribution in the

name of equity." *In re Unified Commercial Capital, Inc.*, 260 B.R. 343, 350 (Bankr. W.D.N.Y. 2001).  This he cannot do.  Neither SIPC nor the Trustee has offered a credible rationale for permitting the avoidance of transfers prior to the start of the two-year limit of Section 548(a)(1)(A), or for displacing Article 8 with respect to the calculation of "value" at the start of the period.

## CONCLUSION

For the reasons set forth above and in their opening memorandum, Defendants respectfully submit that the methodology for calculating "value" put forward by SIPC and the Trustee is contrary to law.  Even using the Trustee's methodology, transfers during the two-year period are not subject to avoidance under Section 548(a)(1)(A) unless they exceeded the sum of the customer's account balance at the start of the two-year period and any deposits within that period.

Dated:   New York, New York
         November 4, 2011

                                                DAVIS POLK & WARDWELL LLP

                                        By:   /s/ Karen E. Wagner

                                                Karen E. Wagner
                                                Dana M. Seshens

                                                450 Lexington Avenue
                                                New York, New York 10017
Of Counsel:                                     Telephone:   (212) 450-4000
Robert B. Fiske, Jr.                            Facsimile:   (212) 701-5800
Robert F. Wise, Jr.

                                                *Attorneys for Defendants*