UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
IRVING H. PICARD,

        Plaintiff,

        -v-

SAUL B. KATZ et al.,

        Defendants.
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-23-11

11 Civ. 3605 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

    In connection with the trial of this case firmly scheduled for March 19, 2012, Irving Picard (the "Trustee"), trustee pursuant to the Securities Investor Protection Act ("SIPA") for the estate of Bernard L. Madoff Investment Securities ("Madoff Securities"), has requested a jury trial on those of his claims that seek to avoid transfers from Madoff Securities to the defendants as fraudulent. The defendants claim that he has no right to a jury trial of those claims. After full consideration of the parties' submissions, the Court, for the reasons stated below, hereby grants the Trustee's request for a jury trial of his fraudulent transfer claims.

    "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. Because trial by jury is a "basic and fundamental feature of our system of federal jurisprudence," courts must "jealously guard[]" litigants' Seventh

Amendment rights.  Jacob v. City of New York, 315 U.S. 752, 752-753 (1942).

Like other litigants, bankruptcy trustees (including SIPA trustees), have rights under the Seventh Amendment.  Germain v. Conn. Nat'l Bank, 988 F.2d 1323, 1328 (2d Cir. 1993).  The defendants argue, however, that trustees derive their Seventh Amendment rights from the debtors they represent, and assert that debtor Madoff Securities would not have a right to a jury trial on any fraudulent conveyance claims because it could not bring such claims.  But this confuses the right to a jury trial with a right to bring a claim.  Madoff Securities might well be barred from bringing fraudulent conveyance claims on the facts of this case; but if it could bring such claims, it would have a right to a jury trial on those claims.

Germain thus applied a test based on the nature of a trustee's claim:  "The standard test is to determine first whether the action would have been deemed legal or equitable in 18th century England, and second whether the remedy sought is legal or equitable in nature." 988 F.2d at 1328; see also Granfinanciera v. Nordberg, 492 U.S. 33, 42 (1989).  In the context of cases like this case, determination of whether a claimant has a Seventh Amendment right to a jury trial also implicates the distinction between a "private right" (known to 18th century courts) and a "public right" (generally not known at that time).  Thus, "[t]he Seventh Amendment protects a litigant's right to

2

a jury trial only if a cause of action is legal in nature and it involves a matter of 'private right.'" Granfinanciera, 492 U.S. at 42 n.4. In contrast, the "strictures of the Seventh Amendment" do not apply to actions that assert public rights - i.e., rights that are "closely integrated into a public regulatory scheme," such as rights under the Internal Revenue Code. Id. at 51, 54. It follows, moreover, that even though the Seventh Amendment requires jury trials in most disputes between private litigants, Congress has more latitude to determine how tribunals should adjudicate disputes that arise under a "public regulatory scheme." Id. at 54-55.

The Supreme Court has already found that actions to avoid fraudulent transfers are legal and assert private rights:

> There can be little doubt that fraudulent conveyance actions by bankruptcy trustees . . . are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.

Granfinanciera, 492 U.S. at 56. Moreover, with respect to remedies, the Supreme Court noted that a "court of equity would not have adjudicated" an "action to recover an alleged fraudulent conveyance of a determinate sum of money." Id. at 46-47. Thus, an action to avoid a transfer as fraudulent is a legal action that asserts a private right and seeks a legal remedy. Accordingly, here, as in Granfinanciera, the Trustee has a Seventh Amendment right to a jury trial. Id. at 64.

3

The defendants alternatively argue that the Trustee waived his right to a jury trial by initiating the SIPA proceeding - from which this claim arose - in the bankruptcy court. In Katchen v. Landy, for example, the Supreme Court held that a party who submitted a claim in a bankruptcy proceeding thereby rendered an action to recover a preferential transfer "triable in equity" even though that party might otherwise have been "entitled to a jury trial." 382 U.S. 323, 336 (1966). Nonetheless, "neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is filed." Germain, 988 F.2d at 1330. Waiver occurs only where "the dispute [is] part of the claims-allowance process or affect[s] the hierarchical reordering of creditors' claims." Id. Here, the Court granted the defendants' motion under 28 U.S.C. § 157(d) to withdraw the reference of the adjudication of this adversary proceeding to the bankruptcy court, thereby substantially severing adjudication of the Trustee's fraudulent transfer actions from both "the claims-allowance process" and "the hierarchical reordering of creditors' claims."[1] Put

---

[1] Ironically, the defendants argue in other parts of this proceeding that their own submission of claims in the bankruptcy court did not waive their right to seek withdrawal of the reference. See, e.g., Reply Memorandum of Law in Further Support of the Sterling Defendants' Motion to Withdraw the Reference, Docket #16, at 5 ("That a party has submitted to bankruptcy jurisdiction is also irrelevant where the conditions for mandatory withdrawal exist because submission to bankruptcy jurisdiction does not waive the constitutional rights preserved by mandatory withdrawal.").

4

differently, adjudication of the Trustee's fraudulent transfer claims occurs here apart from the larger regulatory scheme Congress has enacted for "allowance and disallowance" of claims. As a result, that regulatory scheme simply cannot take priority over the Trustee's Seventh Amendment right to a jury trial. Cf. Katchen, 382 U.S. at 340 (finding of waiver necessary "[t]o implement congressional intent"). Accordingly, the Trustee's legal claims have not become equitable, and thus he has not waived his right to a jury trial.

Finally, the defendants assert that dictum from Germain suggests that the Trustee must choose between withdrawing his request for a jury trial and waiving his claims for equitable subordination. See 988 F.2d at 1332 ("[T]he Trustee should [not] be permitted to try his contract and tort claims before a jury and then use the results in a subsequent equitable subordination proceeding."). In Germain, however, the Second Circuit assumed only that the Trustee had "waived his right subsequently to seek equitable subordination." Id. (emphasis added). Where determination of legal claims occurs simultaneously with trial of the equitable claims, however, "[equitable] relief may be awarded by the district court after the jury has had an opportunity to consider plaintiffs' legal claims and any factual determinations common to plaintiffs' legal and equitable claims." Brown v. Sandimo Materials, 250 F.3d 120, 127 (2d Cir. 2001); see also Heyman v. Kline, 456 F.2d 123, 130 (2d Cir. 1972) ("[W]hen legal and equitable claims are tried together, common

5

questions of fact must be decided by the jury in order to preserve the integrity of the seventh amendment guarantee."). Thus, the Trustee's fraudulent transfer and equitable subordination claims may proceed simultaneously, and this Court will adjudicate them according to the procedures prescribed in Brown.

In sum, the Court finds that the Trustee has a Seventh Amendment right to a jury trial on his fraudulent transfer claims and that the Trustee has not waived this right by commencing the larger SIPA proceeding in bankruptcy court. The Court therefore grants the Trustee's request for a jury trial on his fraudulent transfer claims.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

November 23, 2011

6