LOEB & LOEB LLP
P. Gregory Schwed
Daniel B. Besikof
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 937-4689

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise Scherr Frejka
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for Defendants listed on Annex A*     *Counsel for Defendants listed on Annex B*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
............................................... x
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :
                                        :
                 Plaintiff-Applicant,   :    Adv. Pro. No. 08-1789 (BRL)
                                        :
          v.                            :    SIPA LIQUIDATION
                                        :
BERNARD L. MADOFF INVESTMENT            :    (substantively consolidated)
SECURITIES LLC,                         :
                                        :
                 Defendant.             :
............................................... x
In re:                                  :
                                        :
BERNARD L. MADOFF,                      :
                                        :
                 Debtor.                :
............................................... x
IRVING H. PICARD, TRUSTEE FOR THE       :
LIQUIDATION OF BERNARD L. MADOFF        :
INVESTMENT SECURITIES LLC,              :
                                        :
                 Plaintiff,             :
                                        :    11 Civ. 3605 (JSR)
          v.                            :
                                        :
SAUL B. KATZ, et al.,                   :
                                        :
                 Defendants.            :
............................................... x
```

## AMICUS BRIEF ON "RESET TO ZERO" METHODOLOGY, PURSUANT TO NOVEMBER 28, 2011 COURT AUTHORIZATION

NY989758.4
217250-10001

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Adelphia,*
  No. 02-41729, 2006 WL 687153 (Bankr. S.D.N.Y. Mar. 6, 2006) ..........................................4

*In re Clayton Magazines, Inc.,*
  77 F.2d 852 (2d Cir. 1935)..................................................................................................2

*In re Cybridge Corp.,*
  312 B.R. 262 (D.N.J. 2004) ................................................................................................4

*Donell v. Kowell,*
  533 F.3d 762 (9th Cir. 2008) ..............................................................................................2

*In re Gober,*
  100 F.3d 1195 (5th Cir. 1998) ............................................................................................2

*HBE Leasing v. Frank,*
  48 F.3d 623 (2d Cir. 1995)..................................................................................................4

*Kingsley v. Wetzel,*
  518 F.3d 874 (11th Cir. 2008) ............................................................................................4

*In re Lease-A-Fleet,*
  155 B.R. 666 (E.D. Pa. 1993) .............................................................................................3

*In re M&L Business Machine,*
  198 B.R. 800 (D. Colo. 1996) .............................................................................................2

*In re Malinowski,*
  156 F.3d 131 (2d. Cir. 1998)...............................................................................................2

*Picard v. Katz,*
  2011 WL 4448638 (S.D.N.Y. Sept. 27, 2011).............................................................1, 2, 4

STATUTES

Bankruptcy Code § 546(e)......................................................................................................1

Bankruptcy Code §§ 548(c) & (d)(2)......................................................................................4

Bankruptcy Code § 550(d)......................................................................................................4

Bankruptcy Code § 553(a)......................................................................................................1

NY989758.4
217250-10001

N.Y. Debtor & Creditor Law §151 ..................................................................................1

**OTHER AUTHORITIES**

Zisser, *Madoff and Net Investment Method; Equity Goes Where the Law Fears to Tread,*
23 Bankr. L. Rep. (BNA) (Vol. 44) 1438 ...................................................................2

The undersigned counsel represent numerous "good faith" defendants listed on Annexes A and B ("Defendants"). All are being sued by the Madoff Trustee. This amicus brief discusses a critical alternative defense – "reset to zero" – that has not been raised by other defendants.

In *Picard v. Katz*, 2011 WL 4448638 at *4, n.6. (S.D.N.Y. Sept. 27, 2011) [ECF No. 40] ("*Katz*"), this Court requested further briefing on the proper measure of the Trustee's potential recovery during the two-year look-back period prescribed by Bankruptcy Code § 546(e). The *Katz* defendants argued for using customer statements as the basis for measuring liability, a position Defendants support. If, however, the Court declines to adopt that approach, Defendants suggest that the Court adopt the "reset to zero" methodology. Under "reset to zero," only withdrawals within the two-year clawback period would be considered – which would allow defendants credit for reinvesting funds with BLMIS during that time-frame.

By contrast, the Trustee's "net investment" approach would typically give no credit for reinvestments. Instead, the Trustee would compute each investor's "net profit" over the entire span of his or her relationship with Madoff (even if decades long), and would give no credit for reinvestments made during the two-year clawback period unless those reinvestments exceeded the "net profits" earned in *prior years*. In effect, this approach would enable the Trustee to recover transfers that he would be time-barred from pursuing, through the device of applying reinvestments during the two-year period against transfers made in earlier years.

While the Trustee articulates no doctrinal basis of his approach, it presumably rests on some version of setoff or recoupment. Neither theory works. Setoff is an equitable remedy typically utilized by solvent entities to defend claims asserted by bankrupt entities, not the other way around. *See* Bankruptcy Code § 553(a) (creditors can use state law setoff rights against debtor); N.Y. Debtor & Creditor Law §151 (setoff allowed only upon insolvency of other party).

And recoupment is inherently defensive and cannot undergird an affirmative recovery theory. *See In re Malinowski*, 156 F.3d 131 (2d. Cir. 1998) ("Recoupment is in the nature of a defense[.]"); 5 Collier on Bankruptcy (16th ed.) ¶ 553.10 at 553-93 (recoupment "merely a defensive right.").  Moreover, recoupment is available only when transfers arise out of a single transaction. *See In re M&L Business Machine,* 198 B.R. 800, 811 (D. Colo. 1996) (multiple Ponzi scheme investments were separate transactions for recoupment purposes).

A further legal flaw, independently fatal to the Trustee's "net investment" approach, is that it would improperly permit him to make offensive use, through setoff, of time-barred fraudulent transfer claims. *See, e.g., In re Clayton Magazines, Inc.*, 77 F.2d 852, 853 (2d Cir. 1935) (disallowing setoff of time-barred claim: "[O]ne against whom set-off is claimed must still be under the legal obligation to pay the amount of the set-off to the claimant."); *In re Gober*, 100 F.3d 1195, 1208 (5th Cir. 1998) (setoff "subject to the applicable statute of limitations").

In briefing *Katz*, the Trustee cited *Donell v. Kowell*, 533 F.3d 762, 771 (9th Cir. 2008), as his main decisional support.  But neither *Donell* nor any other case the Trustee cited deals with these knotty issues generally or with the specific treatment of investors who reinvested funds during the applicable look-back period.  *Cf.* Zisser, *Madoff and Net Investment Method: Equity Goes Where the Law Fears to Tread*, 23 Bankr. L. Rep. (BNA) (Vol. 44) 1438, 1439 (2011) (arguing that, in SIPA claim context, Trustee should be prohibited from netting time-barred customer redemptions against newer deposits).

Given its dubious legal underpinnings, it is not surprising that the Trustee's "net investment" method would yield illogical and unfair results.  The following hypothetical involving three good-faith investors (Investors A, B, and C) illustrates the equitable and consistency problems with the Trustee's proposed method:

| Investor name | Amount invested in 1988 | Amount withdrawn in June 2006 (outside 2-year period) | Amount withdrawn in January 2007 (within 2-year period) | Amount reinvested in June 2007 | Subsequent investments/ withdrawals during two-year period | Effect of transactions in two-year time period on estate | Results under "reset to zero" method | Results under Trustee's "net investment" method |
|---|---|---|---|---|---|---|---|---|
| Investor A | $200,000 | $500,000 | $100,000 | $100,000 | None | No effect | Investor not liable | Investor liable for $100,000 |
| Investor B | $200,000 | $500,000 | $100,000 | None | None | Estate diminished by $100,000 | Investor liable for $100,000 | Investor liable for $100,000 |
| Investor C | $200,000 | $500,000 | $100,000 | $200,000 | $100,000 withdrawn; $100,000 reinvested | Enriched estate by $100,000 | Investor not liable | Investor liable for $200,000 |

**Investor A** invests $200,000 with Madoff in 1988 and withdraws $500,000 in June 2006 (outside the two-year look-back period), thereby becoming a $300,000 so-called "net winner" before the two-year period.[1]  In January 2007 (within the two-year period), Investor A withdraws another $100,000 and shortly thereafter re-invests $100,000 with Madoff.

Under the Trustee's approach, Investor A's liability would be calculated as follows:  total withdrawals ($600,000) less total investments ($300,000) over the 20-year life of the relationship, resulting in $300,000 of allegedly fictitious profits.  The Trustee's recovery would then be limited to the $100,000 actually received by Investor A during the two-year period.  *See* Chart, last column.

But Investor A should have no liability, because the estate was not harmed during the applicable two-year period.  The transactions were a wash ($100,000 withdrawn but then re-invested).  *See, e.g., In re Lease-A-Fleet*, 155 B.R. 666, 672 (E.D. Pa. 1993) (dismissing fraudulent transfer claims because "most of the transfers to the [insiders] were characterized as 'circles of cash' in which the same or nearly the same amount of funds flowed … back to the

---

[1] Even though more than doubling one's money sounds impressive, this return over the 18 years from 1988 to 2006 represents only a 5.2% compounded interest rate – a modest investment result during the years in question.

Debtor[.]"); *In re Adelphia*, No. 02-41729, 2006 WL 687153 at * 15 (Bankr. S.D.N.Y. Mar. 6, 2006) (holding it "the ultimate exercise in the elevation of form over substance" to void transfers that ultimately returned to debtor); *In re Cybridge Corp.*, 312 B.R. 262, 271 (D.N.J. 2004) (barring recovery of transfers defendant had restored to estate on grounds that, under Bankruptcy Code § 550(d), "the trustee is entitled to only a single satisfaction under" § 550(a)); *Kingsley v. Wetzel*, 518 F.3d 874, 878 (11th Cir. 2008) (recovery of funds defendant used to pay debtor's bills "would result in an inequitable windfall for the estate.").

Notably, Investor A's transactions had no effect on the estate during the relevant two-year period. **Investor B**, on the other hand, depleted the estate by $100,000. Yet the Trustee would treat these two investors identically. Even worse, **Investor C's** transactions *enriched* the estate by $100,000 over the two-year period, yet Investor C would end up owing the Trustee $200,000 – twice the amount owed by either of the other two. Such anomalous, arbitrary results would violate the rule that the touchstone of fraudulent transfer jurisprudence is whether the estate was "unfairly diminished." *HBE Leasing v. Frank*, 48 F.3d 623, 635 (2d Cir. 1995).

The "reset to zero" approach avoids these problems and reaches the fair and intuitively correct result. The outcomes are precisely correlated with the actual economic effect on the estate during the two-year period mandated by *Katz*. *See* Chart, 7th and 8th columns.

Finally, the Trustee claims that if "reset to zero" were adopted, defendants who were so-called "net losers" at the beginning of the two-year measurement period would be deprived "of the proper credit for the principal they invested outside the two-year period." Trustee's *Katz* Brief at 12. This assertion is a red herring. A "good-faith" investor *always* has the statutory right to assert "antecedent debt" as a defense, to show that the investor gave "fair equivalent value." Bankruptcy Code §§ 548(c) & (d)(2). BLMIS's obligation to repay at least the principal

amount of a defendant's investment is plainly an "antecedent debt." Even the Trustee concedes as much, because he is not suing "good faith" investors for recovery of principal. Nonetheless, citing no authority, the Trustee claims that, under his caricature of "reset to zero," a so-called "net loser" would get no credit for a positive principal balance at the start of the two-year period. This suggestion is pure sophistry. To be sure, under "reset to zero," if the first transaction in the two years was a redemption, that payment could constitute a *prima facie* fraudulent transfer (*i.e.*, it was made by Madoff with intent to perpetuate his fraud). But a "net loser" defendant would then be entitled to assert his positive principal balance as a statutory affirmative defense, just like any other "good faith" defendant.

Nothing in the law says or even suggests that the "antecedent debt" must have come into existence within the applicable "look-back" period. Indeed, imposing such a requirement would eviscerate this fundamental defense. For example, a lender that was repaid a ten-year-old term loan would be unable to interpose the "antecedent debt" represented by that loan as a defense to the loan repayment. The Trustee's conjecture thus seems designed to do nothing more than raise unwarranted doubts about the fairness of the "reset to zero" methodology. But properly applied, "reset to zero" – in stark contrast with the Trustee's "net investment" approach – is supported by sound legal principles and produces equitable, logical results.

Dated: November 30, 2011
      New York, New York

LOEB & LOEB, LLP

By: _____

    P. Gregory Schwed
    Daniel B. Besikof
    345 Park Avenue
    New York, NY 10154
    212-407-4000

*Counsel for Defendants listed on Annex A*

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: *Philip Bentley/ics*

    Philip Bentley
    Elise Scherr Frejka
    1177 Avenue of the Americas
    New York, NY 10036
    212-715-9100

*Counsel for Defendants listed on Annex B*

# ANNEX A

## Loeb & Loeb LLP BLMIS Adversary Proceedings

| Civil Case No. | Adv. Proc. No. | Defendant(s) Represented by Loeb & Loeb LLP |
|---|---|---|
| 11-cv-08668 | 10-04342 | Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000; Kenneth L. Evenstad in his capacity as Grantor and Trustee for the Kenneth L. Evenstad Revocable Trust; Grace B. Evenstad in her capacity as Trustee for the Kenneth L. Evenstad Revocable Trust; Kenneth L. Evenstad, individually; and Grace B. Evenstad, individually |
| 11-cv-08674 | 10-04933 | Kenneth L. Evenstad Revocable Trust u/a/d May 2, 2000; Kenneth L. Evenstad, as grantor and trustee of the Kenneth L. Evenstad Revocable Trust and individually; and Grace B. Evenstad, as trustee of the Kenneth L. Evenstad Revocable Trust and individually |

## ANNEX B

## Kramer Levin Naftalis & Frankel BLMIS Adversary Proceedings

| Civil Case No. | Adv. Proc. No. | Defendant(s) Represented by Kramer Levin Naftalis & Frankel LLP |
|---|---|---|
| 11-cv-08474 | 10-04340 | Ambassador Shoe Corporation |
| 11-cv-08475 | 10-04355 | Fred A. Daibes Madoff Securities Trust |
| 11-cv-08476 | 10-04365 | Arthur M. Siskind |
| 11-cv-08477 | 10-04366 | Lillian Berman Goldfarb |
| 11-cv-08478 | 10-04372 | Estate of Helene Abraham, Estate of Alexander Abraham, Nancy Abraham, James Abraham, William Spears , Trust Under Clause Third (B) F/B/O Myron Wilk, Antonia Abraham, Karen Abraham, Lauren Abraham Mahoney, Trust U/A Dated 4/2/1996 F/B/O Karen Abraham, Trust U/A Dated 4/2/1996 F/B/O Antonia Abraham, Trust U/A Dated 4/2/1996 F/B/O Lauren Abraham |
| 11-cv-08479 | 10-04373 | Richard A. Broms Revocable Trust, Richard A. Broms |
| 11-cv-08480 | 10-04377 | Carol Nelson, Stanley Nelson |
| 11-cv-08481 | 10-04382 | Lyle Berman, Lyle A. Berman Revocable Trust U/A DTD 6/18/04 |
| 11-cv-08482 | 10-04388 | Estate of Robert Rimsky , Rimsky Family Limited Partnership , L. Rimsky Inc. , Article Third Trust U/W Jeanne Rimsky , Article Fourth Trust Section One , Article Fourth Trust Section Three , Article Fifth Trust Section One , Douglas Jay Rimsky , Rena Rimsky Wing , Lee Cooper Rimsky , Don Harris Rimsky , Renee Rimsky , Margaret Rimsky , Sarah Rimsky Levitin , Kenneth Wing , Gabrielle Jaffe , Adam Beer , Jonathan Wing , Juliette Beer , Barry Meyers , Harriet L. Meyers , Eric Rimsky , Liza Rimsky , Kate Rimsky , K.A.L. , A.R.L. , J.L.W. , T. Randolph Harris, Sheldon Silverberg |
| 11-cv-08483 | 10-04409 | Robert A. Meister |
| 11-cv-08484 | 10-04416 | Theresa Berman Revocable Trust, Theresa Berman, Lyle Berman, Sharon Berman Snyder |
| 11-cv-08485 | 10-04427 | The Olesky Survivors Trust dated 2/27/84, Cynthia Olesky Giammarrusco |
| 11-cv-08486 | 10-04430 | Malcolm Sherman |
| 11-cv-08487 | 10-04431 | Agas Company L.P., Fred Schwartz, Allyne Schwartz, Ann J. Schwartz Kluger, Steven Schwartz, Amy Madlyn Schwartz, Gary Paul Schwartz |
| 11-cv-08488 | 10-04439 | AHT Partners, LP, AHT Associates, LLC, Andrew H. Tananbaum |
| 11-cv-08489 | 10-04452 | BWA Ambassador, Inc., Robert Siff, Shirley Siff |
| 11-cv-08490 | 10-04479 | Bernard Greenman Marital Deduction Trust, Greenman Family Foundation, Inc., Phyllis Greenman, Lester Greenman, Judith Katz, Stewart Katz |
| 11-cv-08491 | 10-04482 | Michael Goldstein |
| 11-cv-08492 | 10-04484 | Indian Wells Partnership, LTD., , Linda H. Kamm, Harvey R. Heller |
| 11-cv-08493 | 10-04521 | Rubin Family Investments Partnership, Harold Rubin Living Trust U/A dated August 24, 1990, Harold R. Rubin, Elaine Rubin Living Trust U/A dated August 24, 1990, Elaine S. Rubin, Stuart A. Rubin, Benjamin H. Rubin, Carol J. Rubin, Lisa P. Rubin, Linda S. Benenson, Dona L. Rodich, Paul A. Benenson, Michael E. Rodich |
| 11-cv-08574 | 10-04556 | Geoffrey S. Rehnert |
| 11-cv-08575 | 10-04567 | Neil S. Goldman |
| 11-cv-08576 | 10-04587 | Karen Siff Exkorn |
| 11-cv-08577 | 10-04640 | Collingwood Group, Richard Forman, Joan Forman |
| 11-cv-08578 | 10-04641 | Shirley S. Siff Trust 1989 DTD 12/20/89, Robert M. Siff , Shirley S. Siff |

| Civil Case No. | Adv. Proc. No. | Defendant(s) Represented by Kramer Levin Naftalis & Frankel LLP |
|---|---|---|
| 11-cv-08579 | 10-04646 | Marc B. Wolpow 1995 Family Trust, Barry S. Volpert , R. Bradford Malt, Marc B. Wolpow, Nina Wolpow |
| 11-cv-08580 | 10-04651 | Audax Group LP, Audax Management Co. LLC, 101 Huntington Holdings LLC, Marc B. Wolpow, Geoffrey S. Rehnert, Richard T. Joseph |
| 11-cv-08581 | 10-04658 | Carol Nelson |
| 11-cv-08582 | 10-04684 | Gordon Associates, Bruce Gordon |
| 11-cv-08583 | 10-04705 | Robert M. Siff |
| 11-cv-08584 | 10-04736 | Robert Rosenfield |
| 11-cv-08585 | 10-04745 | Lawrence A. Siff |
| 11-cv-08586 | 10-04767 | Kay Morrissey |
| 11-cv-08587 | 10-04811 | Ludmilla Goldberg |
| 11-cv-08588 | 10-04863 | Ninth Street Partners, Ltd. f/k/a Heller Bros. Partnership, LTD., SHL, Inc. |
| 11-cv-08589 | 10-04874 | James Morrissey |
| 11-cv-08590 | 10-04949 | Branch Family Development, LLC, Adam Steiner, Charles Steiner, Bryan Steiner |
| 11-cv-08591 | 10-04985 | Mathew and Evelyn Broms Investment Partnership, Mathew Broms Revocable Trust, Evelyn Broms, Richard Broms, Irrevocable Trust for the Benefit of Alison Sarah Broms dtd 11/7/1984, John Doe |
| 11-cv-08592 | 10-04990 | Carol Lederman |
| 11-cv-08593 | 10-05055 | Lucerne Foundation, Douglas J. Rimsky |
| 11-cv-08630 | 10-05061 | Estate of James Heller, Barbara H. Freitag, Steven P. Heller, Harry H. Falk, Eve Freitag, Elizabeth Freitag Dranoff, Trust F/B/O An.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust, Trust F/B/O A1.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust, Trust F/B/O S.H. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, a New York trust, Trust F/B/O Katherine Heller under Articles Sixth and Eighth of the Last Will and Testament of James Heller, Katherine Heller, Eleanor Leacock |
| 11-cv-08631 | 10-05066 | Love & Quiches LTD. 401(k) Savings Plan and Its Related Trust, Susan Axelrod, Irwin Axelrod |
| 11-cv-08632 | 10-05068 | D. Stone Industries, Inc. Profit Sharing Plan, Daniel Stone, Michael Stone, Susan Stone |
| 11-cv-08633 | 10-05071 | The Lyle Berman Family Partnership, Neil I. Sell, Stanley Taube, Amy Berman Irrevocable Trust U/TA 8/9/89, Julie Berman Irrevocable Trust U/TA 8/9/89, Bradley Berman Irrevocable Trust U/TA 8/9/89, Jessie Lynn Berman Irrevocable Trust U/TA 8/9/89, Julie Berman, Bradley Berman, Jessie Lynn Berman, Amy Berman |
| 11-cv-08634 | 10-05080 | Bertram Bromberg Trust UAD 5/26/06, Gloria Bromberg Trust UAD 5/26/06, Bertram Bromberg, Gloria Bromberg |
| 11-cv-08635 | 10-05084 | Daniel Stone, Susan Jane Stone |
| 11-cv-08636 | 10-05090 | Eugenia G. Vogel, Howard Vogel, Howard Vogel Retirement Plan |
| 11-cv-08637 | 10-05096 | Harry Schick |
| 11-cv-08638 | 10-05100 | Robert M. Siff |
| 11-cv-08639 | 10-05129 | Lichter Family Partnership, Seymour Lichter, Betty G. Lichter |
| 11-cv-08675 | 10-05138 | The Robert M. Siff Trust - 1990, Robert M. Siff, Shirley S. Siff |
| 11-cv-08676 | 10-05140 | Joyce G. Moscoe, Donald S. Moscoe, Thomas Moscoe, Joyce G. Moscoe Revocable Trust Agreement |

| Civil Case No. | Adv. Proc. No. | Defendant(s) Represented by Kramer Levin Naftalis & Frankel LLP |
|---|---|---|
| 11-cv-08677 | 10-05167 | Estate of Elaine Cooper, Steven Mnuchin, Alan Mnuchin, Generation Skipping Transfer Trust FBO Alan Mnuchin, Generation Skipping Transfer Trust FBO Steven Mnuchin, Trust FBO Alan Mnuchin, Trust FBO Steven Mnuchin, Trust FBO E.M. Under Article 5C, Trust FBO D.M. Under Article 5C, Trust FBO J.M. Under Article 5C |
| 11-cv-08678 | 10-05247 | Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007, Jeffrey Fisher, as grantor and as a trustee of the Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007, Louis Cohen, as a trustee of the Jeffrey H. Fisher Separate Property Revocable Trust, DTD 6/7/2007 |
| 11-cv-08679 | 10-05259 | Stuart M. Stein, Arthur Siskind, Arthur J. Feibus, Jamat Company, LLC, Mestro Company |
| 11-cv-08680 | 10-05289 | RIP Investments, LP, Village Hook, LLC, Sidney Kimmel Revocable Trust Dated May 17, 2001, Sidney Kimmel |
| 11-cv-08681 | 10-05327 | Estate of David A. Wingate, Shoshanna L. Wingate |
|  | 10-05336 | Falcon Associates, L.P., Marc B. Fisher |
|  | 10-05382 | The Trust U/W/O H. Thomas Langbert F/B/O Evelyn Langbert, Evelyn Langbert, Fred Dechowitz (deceased) |
|  | 10-05390 | 1096-1100 River Road Associates, LLC, Fred A. Daibes, LLC, Fred A. Daibes |
|  | 10-05419 | James Heller Family, LLC, Estate of James Heller, Barbara H. Freitag, Steven P. Heller, Harry H. Falk, Steven P. Heller Revocable Trust , Robert P. Saltsman, Eve Freitag, Elizabeth Freitag Dranoff, Trust FBO AN.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller , Trust FBO AL.D. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller , Trust FBO S.H. [a minor] under Articles Sixth and Eighth of the Last Will and Testament of James Heller, Trust FBO Katherine Heller under Articles Sixth and Eighth of the Last Will and Testament of James Heller, Katherine Heller, Eleanor Leacock |
|  | 10-05432 | Mark & Carol Enterprises, Inc., Mark T. Lederman, Carol Lederman |
|  | 10-05440 | CAJ Associates, L.P., Carol Lederman |
|  | 11-02773 | Jewish Association for Services for the Aged |

KL2 2726651.2

3