

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                    Plaintiff,

v.

SAUL B. KATZ, et al.,

                      Defendants.

11-CV-03605 (JSR) (HBP)

## STIPULATION AND ORDER REGARDING THE AUTHENTICITY OF DOCUMENTS

WHEREAS on October 7, 2009, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the consolidated estate of Bernard L. Madoff, served subpoenas under Federal Rule of Bankruptcy Procedure 2004 on Sterling Equities, Inc. and Sterling American Property, Inc. (together the "Sterling Rule 2004 Subpoena"), and the subpoenaed parties produced a number of documents in response (the "Sterling Rule 2004 Documents");

WHEREAS, in 2009 and 2010, the Trustee served subpoenas under Federal Rule of Bankruptcy Procedure 2004 on numerous other parties (the "Third-Party Rule 2004 Subpoenas"), and the subpoenaed third parties produced a number of documents in response (the "Third-Party Rule 2004 Documents");

WHEREAS on December 7, 2010, the Trustee filed a Complaint against the defendants in the above-captioned case ("Defendants") in the United States Bankruptcy Court for the Southern District of New York, alleging, among other things, fraudulent transfer claims under

the Bankruptcy Code and New York Debtor and Creditor Law, which the Trustee amended on March 18, 2011 (the "Complaint");

WHEREAS, on July 1, 2011 and August 19, 2011, this Court withdrew the reference to this proceeding to the United States District Court for the Southern District of New York;

WHEREAS, during the course of discovery pursuant to the Federal Rules of Civil Procedure in this proceeding, on September 16, 2011, the Trustee served Defendants with his First Set of Requests for Production of Documents ("Trustee's First Requests for Production"); and Defendants have produced and are producing a number of documents in response ("Defendants' Litigation Production"),

WHEREAS, during the course of discovery pursuant to the Federal Rules of Civil Procedure in this proceeding, on September 20, 2011, Defendants served the Trustee with their First Set of Requests for the Production of Documents ("Defendants' First Requests for Production"), and the Trustee produced copies of certain Third-Party Rule 2004 Documents to Defendants in response ("Trustee's Litigation Production");

WHEREAS, during the course of discovery pursuant to the Federal Rules of Civil Procedure in this proceeding, the Trustee produced a number of BLMIS documents to Defendants (the "BLMIS Production");

WHEREAS, during the course of discovery pursuant to the Federal Rules of Civil Procedure in this proceeding, the Trustee issued a number of subpoenas to nonparties pursuant to F.R.C.P. 45, and nonparties produced such documents to both the Trustee and Defendants (the "Rule 45 Production");

WHEREAS, the Trustee certifies that the Third Party Rule 2004 Production consists of true and correct copies of documents received from third parties in the course of his

investigation;

WHEREAS, the Trustee certifies that the Third Party Rule 2004 Production consists of true and correct copies of documents received from third parties in the course of his investigation;

WHEREAS, the parties wish to avoid the expense and burden of litigating about the authenticity of the aforementioned documents;

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED,** by and between the Trustee and Defendants, through their respective counsel of record, as follows:

1. The Sterling Rule 2004 Documents, the Third-Party Rule 2004 Documents, Defendants' Litigation Production, Trustee's Litigation Production, the BLMIS Production, and the Rule 45 Production (collectively, the "Productions") shall each be presumed to be a faithful and authentic reproduction of the original, subject to other applicable rules of evidence and conditions set forth in this Stipulation.

2. If a party to this proceeding has reason to believe that a particular document from the Productions upon which it intends to rely at trial is not authentic, such party shall be permitted to withdraw its stipulation as to that particular document. After written notification of withdrawal of the stipulation and objection to authenticity, the parties shall meet and confer to attempt to resolve their differences by, among other means, stipulation, declaration, or, if necessary, a motion in limine. Absent a resolution of the issue(s), there will be no presumption of authenticity as to any challenged document.

3. The parties are entering in to this Stipulation in lieu of serving and responding to Requests for Admission regarding the Authenticity of Documents, which are due on December 13, 2011 pursuant to the Court's Case Management Order of September 28, 2011.

4.    Except as expressly set forth herein, the parties reserve all other rights and objections to the admissibility of any document in the Productions, and agree that entry into this Stipulation shall not impair or otherwise affect the parties' rights under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or applicable case law.

Case 1:11-cv-03605-JSR   Document 77   Filed 12/15/11   Page 5 of 5

Dated: New York, New York
December 9, 2011

**BAKER & HOSTETLER LLP**

*/s/ David J. Sheehan*

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Fernando Bohorquez
Email: fbohorquez@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**DAVIS POLK & WARDWELL LLP**

*/s/ Dana M. Seshens*

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
Karen E. Wagner
Email: karen.wagner@davispolk.com
Dana M. Seshens
Email: dana.seshens@davispolk.com

*Attorneys for Defendants*

**SO ORDERED.**

*/s/ Jed S. Rakoff*
The Honorable Jed S. Rakoff
12-14-11