UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x

IRVING H. PICARD,

                Plaintiff,

      - against -               11-CV-03605 (JSR)(HBP)

SAUL B. KATZ, et al.,

                Defendants.

------------------------------ x

## DECLARATION OF L. THOMAS OSTERMAN IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE EXPERT REPORTS

I, L. Thomas Osterman, declare, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am a Defendant in this case. I submit this declaration in support of Defendants' motions for summary judgment and to strike the reports and testimony of Dr. Steve Pomerantz and Mr. Harrison J. Goldin.

2. I have been a partner of Sterling Equities since 1975. During that time I have worked principally in the real estate business.

3. I was a brokerage customer of Bernard L. Madoff Investment Securities LLC ("BLMIS") for many years, up until December 11, 2008 when the fraud at BLMIS was disclosed. I executed customer agreements for my BLMIS accounts when they were opened, including in each case an authorization

permitting Bernard L. Madoff ("Madoff") to trade for me. I made the decisions about when to deposit or withdraw funds from my BLMIS accounts. To my knowledge, Sterling Equities never made, and never had any authority to make, any decision for me, or any partner, or any other Defendant regarding my or their BLMIS brokerage accounts.

4. During the time that I was a BLMIS customer, I regularly deposited money into, and withdrew funds from, my brokerage accounts. I believed that BLMIS and Madoff purchased securities for me, which I owned, and when securities were sold on my behalf, I believed I was entitled to the funds I withdrew. I knew that my partner, Arthur Friedman, regularly received my BLMIS account statements, trade confirmations, and quarterly reports. I understood that I owned the securities that were said to be in my accounts as reflected on these documents. I understood that Madoff was exercising trading discretion on my behalf.

5. By the time I opened my first account at BLMIS, I knew that close family friends and business associates of my Partners had been investing with BLMIS and Madoff for many years. Among other things, I understood that they thought that Madoff was an excellent broker with an exemplary track record. I also knew that Madoff had an outstanding reputation in the investment community and held important positions in that community. I further knew that Madoff was actively involved in the philanthropic community and contributed to numerous charities.

6. I never believed there was a possibility, let alone a high probability, that he was running a Ponzi scheme, was not trading securities, or was engaged in a fraud.

7. I never deliberately avoided information concerning Madoff or BLMIS for fear it would confirm that Madoff was involved in fraudulent activity.

8. If I had had any idea that Madoff was doing anything wrong, I would have taken all of my money out of my BLMIS accounts. I would have advised my Partners to do the same. I would never have facilitated the opening and maintenance of BLMIS accounts for my wife, children, and others. I was shocked and horrified when Madoff confessed to his many years of defrauding me and my Partners, friends, and family.

9. I have reviewed the report submitted by Dr. Steve Pomerantz, and, in particular, the twenty-six supposed "red flags" that Dr. Pomerantz identifies. Many of them are matters I was never aware of and require information I did not have and analyses I did not know how to perform. As to the ones I did know about, such as the receipt of paper statements from BLMIS or that Sterling Stamos was unable to match BLMIS returns, they did not suggest any impropriety or illegality and never caused me to consider, let alone believe, that there was a high probability that Madoff was engaged in fraud. None of the so-called "red flags" of which I knew caused me to be suspicious of

BLMIS or Madoff in any way.

Dated:  New York, New York
        January 26, 2012

                                                       L. Thomas Osterman