**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Adv. Pro. No. 08-01789 (BRL) |
| BERNARD L. MADOFF, | SIPA LIQUIDATION |
| Debtor. | (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-5287 (BRL) |
| Plaintiff, | |
| v. | |
| SAUL B. KATZ, *et al.*, | Case No. 11-Civ-03605 (JSR) |
| Defendants. | |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THE TRUSTEE'S MOTION TO STRIKE THE EXPERT REPORTS AND TESTIMONY OF JOHN MAINE**

## TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................ 2

    I.     MAINE'S PROPOSED TESTIMONY IS UNRELIABLE ................................... 2

           A.    Maine's Experience Does Not Make His Unsupported Testimony
                Reliable ....................................................................................................... 2

           B.    Maine's Failure to Connect His Experience to His Conclusions Is
                Fatal............................................................................................................ 3

    II.    MAINE'S PROPOSED TESTIMONY IS NOT HELPFUL ................................. 4

           A.    Maine's Testimony Will Not Help the Jury Understand the Actual
                Evidence...................................................................................................... 4

           B.    The Reports Are Not Probative of the Defendants' Good Faith or
                Lack Thereof.............................................................................................. 5

CONCLUSION ........................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arista Records LLC v. Lime Group LLC*,
06-CV-5936 (KMW), 2011 WL 1674796 (S.D.N.Y. May 2, 2011) .........................................5

*Auto. Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*,
08-CV-00623 (A)(M), 2010 WL 3655743 (W.D.N.Y. Sept. 15, 2010) ...................................4

*Boucher v. U.S. Suzuki Motor Corp.*,
73 F.3d 18 (2d Cir. 1996) .........................................................................................................5

*Bourjaily v. U.S.*,
483 U.S. 171 (1987)...................................................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993).........................................................................................................2, 3, 6

*Dibella v. Hopkins*,
01 Civ. 11779 (DC), 2002 WL 31427362 (S.D.N.Y. Oct. 30, 2002) .......................................6

*E.E.O.C. v. Bloomberg L.P.*,
07 Civ. 8383 (LAP), 2010 WL 3466370 (S.D.N.Y. Aug. 31, 2010).........................................6

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)...................................................................................................................4

*Highland Cap. Mgmt., L.P. v. Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005).......................................................................................4

*Kumho Tire Co., Ltd. v. Carmichael*,
526 U.S. 137 (1999)...............................................................................................................2, 3

*LinkCo, Inc. v. Fujitsu Ltd.*,
00 Civ. 7242 (SAS), 2002 WL 1585551 (S.D.N.Y. July 16, 2002) ....................................4, 5

*Lippe v. Bairnco Corp.*,
288 B.R. 678 (S.D.N.Y. 2003) *aff'd*, 99 F. App'x 274 (2d Cir. 2004)..................................2, 4

*Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*,
95 Civ 390 (PKL), 1999 WL 946354 (S.D.N.Y. Oct. 19, 1999)...............................................4

*Nimely v. City of New York*,
414 F.3d 381 (2d Cir. 2005).................................................................................................2, 4

**TABLE OF AUTHORITIES**
(continued)

<u>**Page(s)**</u>

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Amer. Secs., LLC*,
    691 F. Supp. 2d 448 (S.D.N.Y. 2010)........................................................5

*Picard v. Katz*,
    --- B.R. ---- Civ. 3605 (JSR), 2011 WL 4448638 (S.D.N.Y. Sept. 27, 2011) ..........................6

*Primavera Familienstifung v. Askin*,
    130 F. Supp. 2d 450 (S.D.N.Y. 2001) *modified on reh'g*, 137 F. Supp. 2d 438
    (S.D.N.Y. 2001)........................................................3, 5

*S.E.C. v. Badian*,
    --- F. Supp. 2d ----, 2011 WL 4526104 (S.D.N.Y. Sept. 29, 2011).........................................2

**STATUTES**

15 U.S.C. §§ 78aaa *et seq.* ........................................................1

**RULES**

Fed. R. Evid. 702 ........................................................2, 3, 4

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this Reply Memorandum of Law in Support of the Trustee's Motion to Strike the Expert Reports ("Reports") and Testimony of John Maine ("Maine"), dated Jan. 26, 2012.

## PRELIMINARY STATEMENT

Nothing set forth by the Defendants in their Memorandum of Law in Opposition to the Trustee's Motion to Strike the Expert Reports and Testimony of John Maine[1] cures the fatal flaws in Maine's Reports and proposed testimony. The Defendants cannot navigate around well-settled precedent excluding, as unreliable, *ipse dixit* opinions such as those proffered by Maine. The Defendants also fail to show how Maine's testimony helps the jury understand, or resolve, the factual disputes in this case. Additionally, the Defendants ignore that Maine makes impermissible state of mind opinions. Ultimately, no matter how the Defendants self-servingly try to frame their willful failure to investigate red flags of Madoff's fraud, Maine's Reports and testimony do not pass evidentiary muster. As gatekeeper over experts, this Court should exclude Maine.[2]

---

[1] Hereinafter, "Defs. Br. at __."

[2] The Defendants' assertion that several issues in the case are not in dispute, when they obviously are, is ultimately of no moment here. (Defs. Br. at 1). To be sure, however, in dispute are the Defendants': (i) business and financial investment sophistication; (ii) capabilities to conduct due diligence; (iii) willful blindness to red flags that *they saw and of which they had actual knowledge*; and (iv) understanding of Madoff as an Investment Advisor (Answer ¶¶ 30, 985) and as "one of the top hedge fund investors in the world." (Fred Wilpon Rule 2004 Deposition Transcript 144:8-10, dated July 20, 2010) (attached hereto as Exhibit 1 to the Declaration of David J. Sheehan in Support of the Trustee's Reply Memorandum of Law in Support of the Motion to Strike the Expert Reports and Testimony of John Maine, dated February 16, 2012).

## ARGUMENT

The Defendants have not met their burden under Federal Rule of Evidence 702 ("Rule 702"). *See, e.g.*, *Bourjaily v. U.S.*, 483 U.S. 171, 175-76 (1987) (proponent of testimony bears the burden of establishing, by a preponderance of the evidence, that the testimony is admissible); *S.E.C. v. Badian*, --- F. Supp. 2d ----, 2011 WL 4526104, at *2 (S.D.N.Y. Sept. 29, 2011) (same). As set out more fully below, Maine's Reports and proposed testimony should therefore be excluded *in toto*.

## I.   MAINE'S PROPOSED TESTIMONY IS UNRELIABLE

### A.   Maine's Experience Does Not Make His Unsupported Testimony Reliable

The Defendants conflate the admissibility requirements under Rule 702. They suggest that Maine's experience, alone, makes his testimony reliable.[3] (Defs. Br. at 12-14). Maine's "qualifications" and the reliability of his testimony are, however, two separate admissibility requirements. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (expert testimony consisting of specialized knowledge must still be reliable and relevant); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (same); *see also Nimely v. City of New York*, 414 F.3d 381, 396 n.11 (2d Cir. 2005) ("[T]he relevance and reliability inquiries . . . are separate from the threshold question of whether a witness is qualified[.]") (internal citation omitted).

The fact that Maine is a non-scientific expert does not, as Defendants suggest, lessen "*Daubert*'s scrutiny." (Defs. Br. at 12). To the contrary, *Kumho*'s seminal holding makes clear

---

[3]     Maine's administrative experience in the retail brokerage industry during the 1970s and 1980s does not qualify him to serve as an expert here. Trustee's Memorandum of Law in Support of Motion to Strike the Reports and Testimony of John Maine at 6 (hereinafter, "Tr. Br. at __"). The fact that the Defendants rely almost exclusively on Maine's dated experience further cuts against his reliability. (Defs. Br. at 12); *see Lippe v. Bairnco Corp.*, 288 B.R. 678, 690 (S.D.N.Y. 2003) *aff'd*, 99 F. App'x 274 (2d Cir. 2004) (expert testimony was unreliable and inadmissible, in part, because expert's specialized knowledge was outdated and misplaced).

that this Court's gatekeeping obligation under *Daubert* applies equally to *all* experts. *Kumho*, 526 U.S. at 149 (the district court must "assure that the specialized testimony is reliable . . . whether [it] reflects scientific, technical, or other specialized knowledge"). Maine, like all experts, must demonstrate that his testimony is predicated upon reliable principles and methods. *See* Fed. R. Evid. 702 advisory committee's note (2000 amendments) ("While the terms 'principles' and 'methods' may convey a certain impression when applied to scientific knowledge, they remain relevant when applied to testimony based on . . . other specialized knowledge."). This he utterly fails to do.

Further, this Court should not rubber-stamp Maine's non-scientific Reports and testimony simply because the Defendants claim he has "extensive industry experience." (Defs. Br. at 8). To the contrary, the Advisory Committee makes plain that:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply taking the expert's word for it.[4]

*See also Primavera Familienstiftung v. Askin*, 130 F. Supp. 2d 450, 530 (S.D.N.Y. 2001) *modified on reh'g*, 137 F. Supp. 2d 438 (S.D.N.Y. 2001) (expert can rely on experience but "must do more than aver conclusorily that his experience led to his opinion," and he must do more than "propound a particular interpretation of [a party's] conduct").

### B.    Maine's Failure to Connect His Experience to His Conclusions Is Fatal

Having pushed "all in" on their bet that Maine's dated experience can, alone, get his Reports and testimony admitted, the Defendants fail to show how any part of Maine's proposed testimony is reliably applied to his opinions. (*See* Defs. Br. at 12-14). First, Maine's Reports

---

[4]    Fed. R. Evid. 702 advisory committee's note (2000 amendments) (internal citation omitted).

and testimony are devoid of any specific explanation of how his experience reliably led him to his conclusions here.  Second, as is undisputed, Maine never sources facts in the record or objective materials to support his conclusions.  (*Id.* at 12-13).  This is precisely the type of *ipse dixit* testimony that simply cannot suffice under Rule 702.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Nimely*, 414 F.3d at 399; *see also* Tr. Br. at 8.  This is true even if Maine's testimony is non-scientific.  *See, e.g., Auto. Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, 08-CV-00623 (A)(M), 2010 WL 3655743, at *7 (W.D.N.Y. Sept. 15, 2010); *Highland Cap. Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 473 n.2 (S.D.N.Y. 2005); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 689 (S.D.N.Y. 2003) *aff'd*, 99 F. App'x 274 (2d Cir. 2004); *LinkCo, Inc. v. Fujitsu Ltd.*, 00 Civ. 7242 (SAS), 2002 WL 1585551, at *4 (S.D.N.Y.  July 16, 2002).

## II.    MAINE'S PROPOSED TESTIMONY IS NOT HELPFUL

This Court should also strike Maine's Reports and proposed testimony for the independent reason that they will not assist the jury.[5]  Maine's testimony neither helps the jury understand the relevant evidence nor makes any disputed issue more or less probable.

### A.    <u>Maine's Testimony Will Not Help the Jury Understand the Actual Evidence</u>

Maine routinely offers commentary beyond his specialized knowledge, as well as "opinions" which do not require *any* specialized knowledge, much less his.  Maine is, for example, clearly not qualified to opine about red flags or due diligence practices.  (Tr. Br. at 7 nn. 6-8).  He nevertheless opines about the adequacy of certain red flags associated with, and the

---

[5]    The Defendants do not contest that Maine impermissibly opines about the states of mind of certain Defendants.  (*See* Tr. Br. at 4, 12-13); (Maine Rebuttal at 3, 4, 7; Maine Deposition 79:14-20, 87:13-19).  Moreover, their assurance that Maine's conclusions about the Defendants' legal duties are based on his experience is of no moment.  (Maine Report at 10-11); *see Media Sport & Arts s.r.l. v. Kinney Shoe Corp.*, 95 Civ 390 (PKL), 1999 WL 946354, at *3 (S.D.N.Y. Oct. 19, 1999) ("Even if [the expert's] testimony is couched in terms of industry practices, the expert still may not, under any circumstances, opine on the ultimate legal issue in the case.").

Defendants' capabilities to conduct due diligence on, the Defendants' investment accounts at BLMIS.  (Maine Rebuttal at 1, 5-7).  Additionally, Maine's proffered expertise as "a retail broker" will not help the jury understand the red flags here and what would have been revealed had the Defendants conducted *any* due diligence.  *Arista Records LLC v. Lime Group LLC*, 06-CV-5936 (KMW), 2011 WL 1674796, at *5-6 (S.D.N.Y. May 2, 2011) (excluding expert testimony because expert went beyond the scope of his expertise when he opined upon issues outside his sole area of expertise); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Amer. Secs., LLC*, 691 F. Supp. 2d 448, 470 n.129 (S.D.N.Y. 2010) (same).  This line of testimony must be stricken.[6]

## B.   The Reports Are Not Probative of the Defendants' Good Faith or Lack Thereof

Maine's proposed testimony is divorced from the facts of this case.  The Maine Report largely speaks to the relationship of hypothetical, run-of-the-mill retail brokerage investors with a hypothetical, run-of-the-mill broker-dealer, but sheds no light on the Defendants' actual relationship with Madoff and BLMIS.  (Maine Report at 1-10).  He is rightly excluded.[7]  *See Askin*, 130 F. Supp. 2d at 529 (because the expert's testimony was vague and he did not apply his opinions to the facts of the case, his testimony was not helpful to the jury and, thus, inadmissible).

---

[6]     The Defendants offer no insight as to how Maine's conclusory opinions about wealthy people, generally, are "the types of issues that are ripe for educational expertise."  (Defs. Br. at 7); (*see* Maine Report at 3, 4, 10-11).  This line of testimony is not helpful.  *See LinkCo*, 2002 WL 1585551, at *2 (testimony containing "conclusory statements" that lack technical expertise will not help the jury and is inadmissible).

[7]     Maine offers the kind of "speculative" testimony that is so divorced from the facts of this case that it is "in essence an apples and oranges comparison" and must be excluded.  (*See* Defs. Br. at 14) (citing *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996)).

The limited portions of Maine's Reports and testimony that reference the Defendants' investment relationship with Madoff also disregard material facts prevalent in the record.[8] *E.E.O.C. v. Bloomberg L.P.*, 07 Civ. 8383 (LAP), 2010 WL 3466370, at *16-17 (S.D.N.Y. Aug. 31, 2010) (expert excluded, in part, because his testimony ignored material contradictory evidence); *Dibella v. Hopkins*, 01 Civ. 11779 (DC), 2002 WL 31427362, at *4 (S.D.N.Y. Oct. 30, 2002) (same). Only where the expert testimony is tied to the facts of a particular case can it aid the jury in resolving a factual dispute. *Daubert*, 509 U.S. at 591. It is dispositive that Maine does not consider any evidence about red flags tied to the Defendants' investment accounts at BLMIS. As this Court has held—and contrary to the Defendants' styling of the issues for trial— the jury will examine direct and inferential evidence as to whether the Defendants knew or willfully blinded themselves to red flags suggesting a high probability of fraud at BLMIS.[9] *Picard v. Katz*, --- B.R. ----, 11 Civ. 3605 (JSR), 2011 WL 4448638, at *5 (S.D.N.Y. Sept. 27, 2011). Maine's conclusions that BLMIS acted for these Defendants as a broker-dealer,[10] that Madoff was supposedly highly regarded in the securities industry,[11] and that BLMIS was subject to regulation,[12] are ultimately of no moment because, by this Court's definition, they are not probative of the Defendants' good faith or lack thereof. *Id.* The Defendants' conclusory

---

[8]      *See* Tr. Br. at 8-9.

[9]      The Defendants are wrong when they claim that "this Court's prior rulings firmly establish" that this case is not about red flags. *Compare* (Defs. Br. at 5-6) with *Katz*, 2011 WL 4448638, at *5 ("If an investor . . . intentionally chooses to blind himself to the 'red flags' that suggest a high probability of fraud, his 'willful blindness' to the truth is tantamount to a lack of good faith.").

[10]      Maine Report at 11.

[11]      *Id.* at 13.

[12]      *Id.*

arguments to the contrary do not satisfy their burden to show that Maine's testimony is relevant to the issue at bar.

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully asks this Court to exclude Maine's proposed testimony in its entirety.

Dated:  New York, New York
        February 16, 2012

BAKER & HOSTETLER LLP

<u>/s/ David J. Sheehan</u>
Baker & Hostetler LLP
David J. Sheehan
Fernando A. Bohorquez
Mark A. Kornfeld
Stacey Bell
Marco Molina

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*