**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                      Debtor, | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                      Plaintiff,<br>v.<br><br>SAUL B. KATZ, et al.,<br><br>                      Defendants. | Adv. Pro. No. 10-05287 (BRL)<br><br><br><br>11 Civ. 03605 (JSR) (HBP) |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY FROM ROBERT MORGENTHAU, SANDY KOUFAX, <u>MICHAEL DOWLING AND ROBERT ROSENTHAL</u>**

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Amer.*,
   No. 04-Civ.-10014 PKL, 2009 WL 3111766, at *8 (S.D.N.Y. 2009) ...................................... 4

*Arlio v. Lively*,
   474 F.3d 46 (2d Cir. 2007) ............................................................................................. 2, 3

*B&G Plastics, Inc. v. Eastern Creative Indus., Inc.*,
   No. 98-CIV-0884 (RMB)(JCF), 2004 U.S. Dist. LEXIS 2311 (S.D.N.Y. Feb. 18,
   2004) ................................................................................................................................ 8

*Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
   448 F.3d 573 (2d Cir. 2006) ............................................................................................... 3

*Broome v. Biondi*,
   17 F. Supp. 2d 211 (S.D.N.Y. 1997) .................................................................................. 6

*Hester v. BIC Corp.*,
   225 F.3d 178 (2d Cir. 2000) ......................................................................................... 7, 8, 9

*Lidle v. Cirrus Design Corp.*,
   No. 08 Cv. 1253, 2011 WL 1642339, at *2 ............................................................................ 7

*Lombardo v. Stone et al.*,
   No. 99-Civ.-4603, 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y Jan. 28, 2002) ......................... 4, 6

*Nakasian v. Incontrade, Inc.*,
   78 F.R.D. 229 (S.D.N.Y. 1978) ......................................................................................... 5

*Sims v. Stinson*,
   101 F. Supp. 2d 187 (S.D.N.Y. 2000) ................................................................................ 5

*Stephen v. Hanley*,
   No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180 (E.D.N.Y. 2009) ................................. 5

*U.S. v. Al Kassar*,
   582 F. Supp. 2d 498 (S.D.N.Y. 2008) ................................................................................ 6

*U.S. v. McMahan*,
   No. 09-7007, 2010 U.S. App. LEXIS 19547 (10th Cir. Sept. 2, 2010) ............................... 5

*U.S. v. Rea*,
   958 F.2d 1206 (2d Cir. 1992) ........................................................................................... 8, 9

*U.S. v. Stadtmauer*,
   620 F.3d 238 (3rd Cir. 2010) .............................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

*Veerman v. Deep Blue Grp. L.L.C.*,
  No. 08-Civ.-5042 (LAB), 2010 WL 2366913 (S.D.N.Y. 2010) ................................................ 3

*In re WorldCom, Inc. Sec. Litig.*,
  No. 02-CIV-3288 (DLC), 2005 U.S. Dist. LEXIS 4549 (S.D.N.Y. Mar. 24, 2005) ............... 10

*Zubulake v. UBS Warburg LLC*,
  382 F. Supp. 2d 536 (S.D.N.Y. 2005) ....................................................................................... 5

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................................ 10

Fed. R. Evid. 401 ................................................................................................................... 1, 2, 3, 4

Fed. R. Evid. 401.04(2)(a) ................................................................................................................ 3

Fed. R. Evid. 402 ......................................................................................................................... 3, 4

Fed. R. Evid. 403 ...................................................................................................................... 1, 6, 9

Fed. R. Evid. 404 ......................................................................................................................... 1, 4

Fed. R. Evid. 404(a) ......................................................................................................................... 4

Fed. R. Evid. 405 .............................................................................................................................. 5

Fed. R. Evid. 405(b) ......................................................................................................................... 5

Fed. R. Evid. 607 .............................................................................................................................. 5

Fed. R. Evid. 608 .............................................................................................................................. 5

Fed. R. Evid. 608.02 ......................................................................................................................... 6

Fed. R. Evid. 609 .............................................................................................................................. 5

Fed. R. Evid. 701 ................................................................................................................... 1, 7, 8, 9

Fed. R. Evid. 702 ......................................................................................................................... 7, 10

Fed. R. Evid. 704 .............................................................................................................................. 8

Irving H. Picard (the "Trustee"), as Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), under the Securities Investor Protection Act ("SIPA") 78aa *et seq.*, by and through his undersigned counsel, hereby respectfully submits this Memorandum of Law in Support of Motion in Limine No. 3 to Exclude Testimony from Robert Morgenthau, Sandy Koufax, Michael Dowling and Robert Rosenthal (the "Proposed Sterling Witnesses") and Supporting March 5, 2012 Declaration of David Sheehan, attached hereto as Exhibit 1 (the "Motion"). For the reasons set forth below, such testimony should be excluded from the trial of this matter.

## PRELIMINARY STATEMENT

In identifying their expected witnesses, the Defendants have disclosed their intentions to call certain of their most prominent acquaintances and philanthropic colleagues at trial. There is no other purpose for calling such witnesses except to improperly influence the jury. The expected testimony from the Proposed Sterling Witnesses has nothing to do with the only issue to be tried in this case -- Defendants' willful blindness. Not only is such testimony irrelevant, but it is impermissible character and opinion evidence masquerading as testimony from purported fact witnesses. All such testimony should be excluded under Federal Rules of Evidence 401, 402, 403, 404 and 701.

### I.   BACKGROUND

The Defendants have identified four witnesses – Robert Morgenthau, Sandy Koufax, Michael Dowling and Robert Rosenthal – that they may call at trial. The Defendants have described the subject of their purported testimony as follows:

- **Robert Morgenthau** – the former District Attorney of New York County – as having information relating to "[t]he Police Athletic League's 1KW BLMIS account and how it came about through his relationship with Fred Wilpon."  *See* Ex. 1 to Sheehan Declaration (Defs.' Supp. Disclosures, dated December 15, 2011, at 2).

- **Sandy Koufax** – the baseball legend and childhood friend of Fred Wilpon – as having information relating to "[his] 1KW BLMIS account and how it came about through his relationship with Fred Wilpon."  *Id*.

- **Michael Dowling** – the president and CEO of North Shore-LIJ Health System ("North Shore") – as having information relating to "North Shore's 1 KW BLMIS account and how it came about through his relationship with Saul Katz, and Saul Katz's securities market and investment sophistication."  *Id*.

- **Robert Rosenthal** – the chairman and CEO of First Long Island Investors LLC – as having information relating to "Saul Katz's securities market and investment sophistication."  *Id*.

Despite their high profile and impressive credentials, the Proposed Sterling Witnesses are not identified as having any knowledge about anything relevant to the Defendants' willful blindness.  Further, nothing produced or identified during discovery suggests that any of the Proposed Sterling Witnesses possess any knowledge relating to any of the material facts in this case.

## II.   ARGUMENT

### A.   The Proposed Testimony From Robert Morgenthau, Sandy Koufax And Michael Dowling Is Not Relevant

Robert Morgenthau, Sandy Koufax and Michael Dowling will not provide the jury with any testimony relevant to the issues and material facts in this case.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  *See also Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) ("If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant.  If it does not tend to prove a

2

material fact, it is irrelevant.") (citing Weinstein's Federal Evidence § 401.04(2)(a))). A material fact is one that would affect the outcome of the suit under governing law. *Id*. (citing *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 579 (2d Cir. 2006)). Federal Rule of Evidence ("Rule") 402 mandates that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Evidence relating to Robert Morgenthau's, Sandy Koufax's and Michael Dowling's KW BLMIS accounts and how those accounts came about through Saul Katz or Fred Wilpon bears no relevance to any of the material facts in this case. How the BLMIS accounts of these prominent individuals were established is of no consequence to whether the Defendants were willfully blind to Madoff's fraud. The relationship between Saul Katz and Fred Wilpon with these Proposed Sterling Witnesses is not at issue in this case, nor are the KW BLMIS accounts of the Proposed Sterling Witnesses. The BLMIS accounts of the Police Athletic League (1KW429), Sandy Koufax (1KW266), and North Shore (1KW159) are all net loser accounts whose claims have already been determined and allowed by the Trustee.

The proposed testimony from these witnesses has nothing to do with Madoff's operations, the Defendants' dealings with Madoff or the numerous red flags of which they were aware. For example, none of the Proposed Sterling Witnesses can testify to the Defendants' awareness of Merrill Lynch's rejection of Madoff or Sterling Stamos' Chief Investment Officer Noreen Harrington's warnings that Madoff returns were either fiction or the result of illegal front-running. In sum, the Proposed Sterling Witnesses' testimony is not relevant and should be excluded under Rule 401 and 402. *See, e.g., Veerman v. Deep Blue Grp. L.L.C.*, No. 08-Civ.-5042 (LAB), 2010 WL 2366913, at *2-3 (S.D.N.Y. 2010) (excluding testimony because it was not relevant to material issue of whether plaintiff had been subject to a hostile work

environment); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Amer.*, No. 04-Civ.-10014 PKL, 2009 WL 3111766, at *8 (S.D.N.Y. 2009) (excluding testimony of witness because it was not proffered to prove the only triable issue in the case, was irrelevant under Rule 401 and thus inadmissible under Rule 402).

### B. The Proposed Testimony From Robert Morgenthau, Sandy Koufax and Michael Dowling Is Also Inadmissible Character Evidence

The true purpose of testimony from Robert Morgenthau, Sandy Koufax and Michael Dowling is to suggest to the jury that Saul Katz and Fred Wilpon are "good guys" who would not turn a blind eye to fraud.  Such evidence is explicitly precluded by Rule 404, which prohibits the introduction of evidence "of a person's character or character trait . . . for the purpose of proving action in conformity therewith on a particular occasion."  Fed. R. Evid. 404(a); Advisory Committee's Note to the 2006 Amendment of Rule 404.  "The rationale behind the rule is that character evidence is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened . . . [and] [i]t subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *Lombardo v. Stone et al.*, No. 99-Civ.-4603, 2002 U.S. Dist. LEXIS 1267, at *9 (S.D.N.Y Jan. 28, 2002) (internal citations omitted); see also Notes of Advisory Committee on Rules, sub. A (2006).

Here, the Defendants attempt to do precisely that which the rule was designed to prevent: distract the jury by shifting the focus to Saul Katz's and Fred Wilpon's association with well-respected individuals and away from whether they were willfully blind.  The Defendants clearly intend to attempt to improperly persuade the jury that they are "good" because they associate with good people, or have done good works, and as such they cannot be guilty of anything as untoward as willful blindness to fraud.  As one court in this District has cautioned, when "the

4

critical issue is something as elusive as a defendant's state of mind, appeals to character evidence are especially dangerous." *Sims v. Stinson*, 101 F. Supp. 2d 187, 203 (S.D.N.Y. 2000).

Further, none of the exceptions for admitting character evidence are applicable here. The character of the Defendants is not at issue in this case. The testimony is not being offered for impeachment, nor is it offered to prove something other than a person acted in conformity with his or her character. *See* Fed. R. Evid. 405, 607, 608 & 609. The character or character traits of the Defendants Saul Katz and/or Fred Wilpon are not essential elements of any of the claims or defenses in this case. Fed. R. Evid. 405(b). "Under Rule 405, a party may present testimony concerning specific instances of conduct only when character is in issue in the strict sense." *U.S. v. McMahan*, No. 09-7007, 2010 U.S. App. LEXIS 19547, at *25 (10th Cir. Sept. 2, 2010) (internal citations omitted).

Willful blindness does not put character at issue in the "strict sense." The Defendants' knowledge of red flags suggesting a high probability of fraud at BLMIS, or their conscious avoidance to discovery of the truth, does not put the character of Saul Katz and Fred Wilpon, or any other Defendant, at issue and should be excluded. *See Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 540-41 (S.D.N.Y. 2005) (finding character evidence inadmissible because plaintiff's character was not in issue in employment discrimination case); *Stephen v. Hanley*, No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180, at *8 (E.D.N.Y. 2009) (finding evidence of plaintiff's bad character inadmissible because character was not at issue); *Nakasian v. Incontrade, Inc.*, 78 F.R.D. 229, 231 (S.D.N.Y. 1978) (excluding proposed testimony of plaintiff's good character because his character was not in issue).

### C. Testimony From Robert Morgenthau, Sandy Koufax And Michael Dowling is Unfairly Prejudicial under Rule 403

Rule 403 prohibits the introduction of evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This Court has recognized that evidence should be excluded under Rule 403 when it has no probative value and is "only likely to inject irrelevancy and confusion into this case if allowed into evidence." *U.S. v. Al Kassar*, 582 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

"Character evidence is of slight probative value and may be very prejudicial." Notes of Advisory Committee on Rules, sub. A (2006). "It is doubtful whether the jury is able to limit its consideration of character evidence, even after instruction, to its effect on the witness's credibility." Weinstein's Federal Evidence § 608.02 (2012). *See also Broome v. Biondi*, 17 F. Supp. 2d 211, 223 (S.D.N.Y. 1997) (excluding character evidence under Rule 403 where it would have unfairly prejudiced plaintiff's case and created jury confusion).

Allowing the jury to hear testimony about the Defendants' friendships with prominent individuals and their philanthropic work with these individuals would create a danger of distracting the jury from "the main question of what actually happened." *Lombardo*, 2002 U.S. Dist. LEXIS, at *9 (internal citations omitted). The Defendants are clearly trying to leverage their relationships with legendary individuals like Robert Morgenthau and Sandy Koufax to curry favor with the jury. Similarly, the Defendants intend to improperly capitalize on their charity work with the Police Athletic League and North Shore. Wasting trial time on these superficial litigation tactics risks the jury's inattention, interferes with their consideration of the material issues and evidence presented at trial, and provides an improper basis on which the jury may evaluate the Defendants and their conduct and thus requires exclusion under Rule 403. *See*

6

*Lidle v. Cirrus Design Corp.*, No. 08 Cv. 1253 (BSJ)(HBP), 2011 WL 1642339, at *2 (excluding the testimony or proposed witnesses from the New York Yankees because of "the minimal relevance of the testimony and the substantial likelihood of prejudice given the celebrity status of the proposed witnesses.").

### D. Testimony From Robert Rosenthal And Michael Dowling Is Inadmissible Lay Opinion Testimony and is Unfairly Prejudicial

Robert Rosenthal and Michael Dowling are being offered to testify about Saul Katz's securities market and investment sophistication, and presumably a lack thereof. However, it is difficult to conceive of what facts these witnesses could possibly testify to that would establish a lack of market sophistication on the part of Saul Katz. Rather, it appears that Mr. Rosenthal and Mr. Dowling will seek to merely provide their opinion of Saul Katz's market sophistication.

The opinions of Mr. Rosenthal and Mr. Dowling with regard to Saul Katz's market sophistication are impermissible lay opinion evidence. Rule 701 restricts lay witness opinion testimony to only those opinions which are "(a) rationally based on witness's perception, (b) helpful to clearly understand the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Robert Rosenthal and Michael Dowling's testimony regarding their subjective impressions of Saul Katz's market sophistication is not helpful to a jury on the only issue presented in this case -- whether the Defendants were willfully blind to Madoff's fraud. Indeed, none of the Proposed Sterling Witnesses were involved in the Defendants' decision-making with respect to their BLMIS accounts and dealings with Madoff, nor do these proposed witnesses claim to have any personal knowledge of such issues. The Proposed Sterling Witnesses cannot speak to whether or not the Defendants learned of any red flags or received any warnings about Madoff or whether the Defendants turned a blind eye to Madoff's fraud. *See e.g.*, *Hester*, 225

7

F.3d at 184 (finding that opinion testimony concerning a supervisor's racial motivation was inadmissible under Rule 701 where "[n]one of Hester's four witnesses was involved in BIC's decision-making processes, or had personal knowledge of it.  Nor had they any basis for knowing whether Hester was adequately performing her duties as a Group leader.").

Rule 701 is designed to exclude lay opinion testimony that "amount[s] to little more than choosing up sides" or that "merely tell[s] the jury what result to reach."  *U.S. v. Rea*, 958 F.2d 1206, 1215-16 (2d Cir. 1992) (quoting Fed. R. Evid. § 704 Advisory Committee's note on 1972 Proposed Rules).  *See also Hester v. BIC Corp.*, 225 F.3d 178 (2d Cir. 2000); *B&G Plastics, Inc. v. Eastern Creative Indus., Inc.*, No. 98-CIV-0884 (RMB)(JCF), 2004 U.S. Dist. LEXIS 2311, at *24-25 (S.D.N.Y. Feb. 18, 2004).  "Lay testimony in the form of an opinion about what a defendant did or did not know often comes dangerously close to doing just this."  *U.S. v. Stadtmauer*, 620 F.3d 238 (3rd Cir. 2010) ("this kind of evidence is difficult to admit under…Rule 701").  The Second Circuit has cautioned that "[w]hen the issue is a party's knowledge . . . we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701."  *Rea*, 958 F.2d at 1216.

Here, all that Mr. Rosenthal and Mr. Dowling could conceivably testify to is that in their opinion Mr. Katz is not sophisticated, and because of that lack of sophistication, he could not have recognized the red flags of Madoff's fraud.  This testimony not only would come "dangerously close" to telling the jury what result to reach, it clearly crosses the line.  It is the province of the jury, not the lay expert to reach that ultimate conclusion.  *See e.g.*, *Hester*, 225 F.3d at 184-85 (in racial discrimination action, coworkers' testimony that supervisor's treatment of Hester was racially motivated was not helpful to jury because jury was "in as good a position as the witness[es] to draw the inference" about supervisor's ultimate motive) (internal citations

8

omitted); *Rea*, 958 F.2d at 1219 (lay witness opinion that the department head must have known he was participating in tax evasion scheme was inadmissible because, among other reasons, the jury was "perhaps even more capable" of inferring whether defendant must have known of the scheme based on other evidence presented).

The Rosenthal and Dowling testimony also should be excluded under Rule 403. "Even those lay opinions that pass Rule 701 . . . may be excluded by the court under Fed. R. Evid. 403 if the court determines that the admission of the opinion will be cumulative or a waste of time, or that its helpfulness is substantially outweighed by the danger of unfair prejudice to the party opposing admission of the evidence." *Rea*, 958 F.2d at 1216. "The risk remains that the opinion may distract jurors from their task of drawing an independent conclusion as to an ultimate issue in the case." *Hester*, 225 F.3d at 182. The danger of allowing the proposed opinion testimony from Rosenthal and Dowling is clear. Lay opinion testimony about Saul Katz's securities and market sophistication will unfairly influence the jury's evaluation of the facts concerning what Saul Katz knew, believed or purposely ignored about Madoff. Just as this Court recently excluded expert testimony about the Defendants' knowledge and ignorance of red flags on the grounds that such testimony would confuse the jury, it should do the same here with respect to Messrs. Rosenthal and Dowling. *See* Transcript of Oral Argument at 35:7-8, dated Feb. 23, 2011, Dkt. No. 139.[1]

---

[1] To the extent the Defendants are attempting an end run around the expert testimony requirements by passing Mr. Rosenthal off as a fact or lay opinion witness, this is an additional reason to preclude his testimony at trial – especially where the Court has excluded the Trustee's expert. Rule 701 was amended in 2000 specifically to "eliminate the risk that the reliability

*continued on next page…*

## CONCLUSION

For the foregoing reasons, testimony from Robert Morgenthau, Sandy Koufax, Michael Dowling and Robert Rosenthal must be excluded at trial.

                                                Respectfully submitted,

Dated: New York, New York
       March 5, 2012

By: /s/ David J. Sheehan
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111

Telephone: (212) 589-4200
Facsimile: (212) 589-4201

David J. Sheehan
Email: dsheehan@bakerlaw.com
Fernando A. Bohorquez, Jr.
Email: fbohorquez@bakerlaw.com
Regina L. Griffin
Email: rgriffin@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

---

*…continued from previous page*

requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing . . . and ensuring that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson." *In re WorldCom, Inc. Sec. Litig.*, No. 02-CIV-3288 (DLC), 2005 U.S. Dist. LEXIS 4549, at *3-4 (S.D.N.Y. Mar. 24, 2005) (internal citations omitted).