**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC. | Adv. Pro. No. 08-01789 (BRL) |
| Debtor, | SIPA LIQUIDATION |
| | (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-5287 (BRL) |
| Plaintiff, | |
| v. | 11-CV-03605 (JSR) (HBP) |
| SAUL B. KATZ, et al., | |
| Defendants. | |

## PROPOSED JOINT PRETRIAL CONSENT ORDER

Pursuant to Rule 4 of the Court's Individual Rules of Practice, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and Bernard L. Madoff ("Madoff"), by and through his counsel Baker & Hostetler LLP, and Defendants Saul B. Katz et al., by and through their counsel Davis Polk & Wardwell LLP, hereby submit their Proposed Joint Pretrial Consent Order as follows:

**A.    A Statement of the Facts and other Matters on which the Parties Agree**

The parties' joint statement of facts and other matters on which the parties agree is attached as Exhibit 1.

**B.    A Particularized Description of Each Party's Remaining Claims**

The Trustee's remaining claims are as follows:

Count One:    In Count One of his Second Amended Complaint, the Trustee seeks to

avoid and recover intentional fraudulent transfers (the "Transfers") made by BLMIS to the

following Defendants pursuant to sections 548(a)(1)(A), 550(a) and 551 of the United States

Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and section 78fff-(2)(c)(3)

of SIPA:

| | | |
|---|---|---|
| Amy Beth Katz | Jeffrey Wilpon | Sterling 10 LLC |
| Arthur Friedman | Judith Wilpon | Sterling 15C LLC |
| Charles Sterling Sub LLC | Judy and Fred Wilpon Family Foundation, Inc. | Sterling 20 LLC |
| College Place Enterprises LLC | | Sterling Acquisitions LLC |
| | Katz 2002 Descendants' Trust | Sterling American Advisors II LP |
| David Katz | L. Thomas Osterman | |
| Dayle Katz | Marvin B. Tepper | Sterling American Property V LP |
| Debra Wilpon | Mets Limited Partnership | |
| Deyva Schreier Arthur | Michael Katz | Sterling Brunswick Seven LLC |
| Edward M. Tepper | Natalie Katz O'Brien | Sterling DIST Properties LLC |
| Elise C. Tepper | Philip Wachtler | Sterling Equities Associates |
| Estate of Leonard Schreier | Phyllis Rebell Osterman | Sterling Internal V LLC |
| FFB Aviation LLC | Red Valley Partners | Sterling Mets LP |
| Fred Wilpon | Richard Wilpon | Sterling Thirty Venture LLC |
| Fred Wilpon Family Trust | Robbinsville Park LLC | Sterling Tracing LLC |
| FS Company LLC | Robin Wilpon Wachtler | Sterling Twenty Five LLC |
| Gregory Katz | Ruth Friedman | Sterling VC IV LLC |
| Iris J. Katz and Saul B. Katz Family Foundation, Inc. | Saul B. Katz | Sterling VC V LLC |
| | Saul B. Katz Family Trust | Valerie Wilpon |
| Iris Katz | SEE Holdco LLC | Wilpon 2002 Descendants' Trust |
| Jacqueline G. Tepper | | |

Specifically, the Trustee seeks to avoid and recover all transfers of customer property made by BLMIS to the foregoing Defendants with the intent to hinder, delay or defraud its creditors, including all transfers representing the return of "principal" totaling approximately $303,399,001 predicated on Defendants' willful blindness to fraudulent activity at BLMIS.[1]

Defendants dispute the Trustee's claims.

Count Nine:   In Count Nine of his Second Amended Complaint, the Trustee seeks the recovery of the Transfers subsequently transferred by Defendants to the following defendants totaling approximately $118,543,998 pursuant to section 550(a) of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA:

| | | |
|---|---|---|
| Amy Beth Katz | Heather Katz Knopf | Red Valley Partners |
| Arthur Friedman | Howard Katz | Richard Wilpon |
| Daniel Wilpon | Iris J. Katz and Saul B. Katz Family Foundation, Inc. | Robin Wilpon Wachtler |
| David Katz | | Ruth Friedman |
| Dayle Katz | Jeffrey Wilpon | Saul B. Katz |
| Edward M. Tepper | Jessica Wilpon | Saul B. Katz Family Trust |
| Elise C. Tepper | Katz 2002 Descendants' Trust | Scott Wilpon |
| Estate of Leonard Schreier | L. Thomas Osterman | Todd Katz |
| FFB Aviation LLC | Marvin B. Tepper | Valerie Wilpon |
| Fred Wilpon | Michael Katz | Wilpon 2002 Descendants' Trust |
| Fred Wilpon Family Trust | Natalie Katz O'Brien | |
| Gregory Katz | Philip Wachtler | |

Defendants dispute the Trustee's claims.

---

[1] By Order dated March 5, 2012, this Court granted the Trustee's Partial Motion for Summary Judgment on the basis set forth in the Order.

Count Eleven: In Count Eleven of his Second Amended Complaint, the Trustee seeks to equitably subordinate the SIPA claims filed by the following Defendants pursuant to section 510(c)(1) of the Bankruptcy Code:

| | | |
|---|---|---|
| Amy Beth Katz | Iris Katz | Saul B. Katz Family Trust |
| Arthur Friedman | Jacqueline G. Tepper | Scott Wilpon |
| Bon Mick Family Partners LP | Jeffrey Wilpon | SEE Holdco LLC |
| Bruce Wilpon | Jessica Wilpon | Sterling 10 LLC |
| Charles Sterling Sub LLC | Judith Wilpon | Sterling 15C LLC |
| College Place Enterprises LLC | Judy and Fred Wilpon Family Foundation, Inc. | Sterling 20 LLC |
| Daniel Wilpon | Katz 2002 Descendants' Trust | Sterling Brunswick Seven LLC |
| David Katz | L. Thomas Osterman | Sterling DIST Properties LLC |
| Dayle Katz | Marvin B. Tepper | Sterling Equities |
| Debra Wilpon | Mets II LLC | Sterling Internal V LLC |
| Deyva Schreier Arthur | Mets Limited Partnership | Sterling Mets LP |
| Elise C. Tepper | Michael Katz | Sterling Thirty Venture LLC |
| Estate of Leonard Schreier | Natalie Katz O'Brien | Sterling Tracing LLC |
| FFB Aviation LLC | Philip Wachtler | Sterling Twenty Five LLC |
| Fred Wilpon | Phyllis Rebell Osterman | Sterling VC IV LLC |
| Fred Wilpon Family Trust | Red Valley Partners | Sterling VC V LLC |
| FS Company LLC | Richard Wilpon | Todd Katz |
| Gregory Katz | Robbinsville Park LLC | Valerie Wilpon |
| Heather Katz Knopf | Robin Wilpon Wachtler | Wilpon 2002 Descendants' Trust |
| Howard Katz | Ruth Friedman | |
| Iris J. Katz and Saul B. Katz Family Foundation, Inc. | Saul B. Katz | |

Specifically, the Trustee alleges that the foregoing Defendants have engaged in inequitable conduct that has resulted in injury to the customers and creditors of BLMIS' estate and has conferred an unfair advantage on these Defendants. Based on these Defendants'

inequitable conduct, the customers of BLMIS have been misled as to the true financial condition of BLMIS, customers have been induced to invest without knowledge of the actual facts regarding BLMIS' financial condition, and/or customers and creditors are less likely to recover the full amounts due to them because of the conduct of the Defendants.

Defendants dispute the Trustee's claims.

**C.    Each Party's Specific Contentions as to the Facts that are in Dispute.**

The Trustee's contentions are attached as Exhibit 2(A).

The Defendants' contentions are attached as Exhibit 2(B).

**D.    A Particularized Statement of the Damages Claimed, including amounts, for each Claim, Counterclaim, Cross-claim, or Third-party claim.**

Fraudulent transfers in the amount of $303,399,001.

Subsequent transfers of the fraudulent transfers in the amount of $118,543,998.

Prejudgment interest from the initiation of the adversary proceeding as to any fraudulent transfer claims.

Defendants dispute these amounts.

**E.    A List of the Names of the Witnesses (both fact witnesses and expert witnesses) that Each Party Intends to Call, in the Likely Order of Appearance.**

The Trustee's witness list is attached as Exhibit 3(A).

The Defendants' witness list is attached as Exhibit 3(B).

**F.    A List of All Exhibits to be Offered by Each Party, and Particularized Objections thereto Noted in accordance with Fed. R. Civ. P. 26(a)(3).**

The Trustee's witness list is attached as Exhibit 4(A).

The Defendants' witness list is attached as Exhibit 4(B).

**G.    A Final Estimate of the Length of Trial.**

The Parties estimate that the trial will take approximately 10 business days.

Dated: March 12, 2012
       New York, New York

**BAKER & HOSTETLER LLP**

By: /s/*David J. Sheehan*
David J. Sheehan
Regina L. Griffin
Fernando A. Bohorquez
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

**DAVIS POLK & WARDWELL LLP**

By: /s/*Robert F. Wise*
Robert F. Wise
Karen E. Wagner
Dana M. Seshens
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-58000

*Attorneys for Defendants*

# Exhibit 1

## Exhibit 1 to Pretrial Consent Order

### *Picard v. Saul B. Katz, et al.,* 11-CV-03605 (JSR

### Statement of Facts and Other Matters on which the Parties Agree[1]

1.      Sterling Equities is a general partnership founded in 1972 by brothers-in-law Fred Wilpon and Saul Katz.

2.      The general partners of Sterling Equities include Defendants Saul Katz, Fred Wilpon, Michael Katz, Richard Wilpon, David Katz, Thomas Osterman, Jeffrey Wilpon, Arthur Friedman, Gregory Katz, Marvin B Tepper, and the Estate of Leonard B. Schreier ("Sterling Partners").

3.      The Sterling Partners and various related entities own and operate a number of businesses and invest in asset classes that include real estate, professional baseball, sports media, and private equity. These businesses involve, among other things, the purchase, development, and management of commercial and residential real estate, both directly and through the Sterling American Property ("SAP") funds, ownership of the New York Mets baseball franchise, a majority ownership interest in SportsNet New York ("SNY"), private equity and venture capital investments, and an ownership interest in the fund of funds Sterling Stamos Partners ("Sterling Stamos").

4.      The Sterling Partners acquired their first interest in the Mets in 1980. In or around August 2002, the Sterling Partners acquired full ownership of the Mets.

5.      Saul Katz currently serves as President and Chief Operating Officer of Sterling Equities and as President of the New York Mets and the Brooklyn Cyclones. Saul Katz is a CPA. He has responsibility for asset-based investments, is involved in strategic planning, and sits on the Board of Directors of Sterling Stamos.

6.      Fred Wilpon currently serves as Chairman of the Board of Sterling Equities and as Chief Executive Officer of the New York Mets and Chairman of the Brooklyn Cyclones.

7.      Fred Wilpon is the brother of Richard Wilpon and the father of Jeffrey Wilpon.

8.      Richard Wilpon joined Sterling Equities in or around 1972, became a partner shortly thereafter, and currently serves as a Senior Executive Vice President. He is primarily involved in various real estate investments and is currently the Co-Chief Executive Officer of SAP, where he manages its investments and oversees its real estate acquisitions and dispositions. He is also a Board member of the New York Mets.

9.      Jeffrey Wilpon joined Sterling Equities in or around 1986 and became a partner thereafter. He currently serves as a Senior Executive Vice President and as Chief Operating Officer, Senior Executive Vice President, and Board member of the New York

---

[1]  The Parties' agreement to the factual assertions set forth herein should not be construed as an agreement by the Parties that all such facts are relevant or material.

Mets. He is the Senior Executive Vice President and Chief Operating Officer of the Brooklyn Cyclones and is primarily responsible for overseeing the day-to-day baseball and business operations of the New York Mets.

10.     Michael Katz is the brother of Saul Katz and the father of Gregory Katz.

11.     Michael Katz joined Sterling Equities in or around 1973 and became a partner shortly thereafter. He is a CPA. He currently serves as a Senior Executive Vice President and, up until 2001, was Chief Financial Officer. He is primarily involved in various real estate investments and is currently the Co-Chief Executive Officer of SAP where he is responsible for the day-to-day management of its real estate investments. He is also a Board member of the New York Mets.

12.     Gregory Katz joined Sterling Equities in 2001 and became a partner thereafter. He currently serves as a Vice President and focuses on real estate investments where he acquires multi-family, commercial and retail real estate properties and arranges financing for SAP.

13.     David Katz is the son of Saul Katz.

14.     David Katz joined Sterling Equities in 1987 and became a partner thereafter. He currently serves as an Executive Vice President and is a Board member of the New York Mets. He holds responsibilities with respect to various real estate and private equity investments, and previously served as a board member of Sterling Stamos.

15.     Arthur Friedman is a CPA and holds a law degree. He joined Sterling Equities in or around 1986 and became a partner shortly thereafter. He currently serves as a Senior Vice President and is a Board member of the Mets.

16.     Thomas Osterman joined Sterling Equities in or around 1975 and became a partner thereafter. He currently serves as an Executive Vice President and is responsible for overseeing the development of commercial and residential properties in Manhattan, as well as for the strategic management of SAP's real estate assets. He is also a Board member of the New York Mets.

17.     Marvin Tepper joined Sterling Equities in or around 1990 as general counsel and partner after having served as outside counsel. He retired in or around 2005. He is a member of the Board of Directors of the Mets. He holds a law degree and has over 30 years of private practice experience.

18.     Leonard Schreier was a Sterling Partner until his death in 2001. After his death, his partnership interests in Sterling Equities and related entities and investments were held and maintained by the Estate of Leonard Schreier, of which Fred Wilpon and Jason Bacher are co-executors.

19.     Leonard Schreier died on October 28, 2001. Leonard Schreier's surviving children, Deyva Schreier Arthur and Michael Andrew Schreier, were the sole beneficiaries of his estate.

20.     Bernard L. Madoff Investment Securities LLC ("BLMIS") was founded in 1959 by
        Bernard L. Madoff ("Madoff"). Since approximately 1987, BLMIS operated from its
        principal place of business at 885 Third Avenue, New York, New York. This building is
        commonly known as "The Lipstick Building."

21.     As of January 19, 1960, Madoff registered BLMIS with the Securities and Exchange
        Commission ("SEC") as a securities broker-dealer under Section 15(b) of the Securities
        Exchange Act of 1934, SIPA § 78o(b).

22.     BLMIS remained a registered broker-dealer as of December 11, 2008.

23.     By virtue of that registration, BLMIS was a member of the Securities Investor Protection
        Corporation ("SIPC").

24.     In 1983, BLMIS registered Madoff Holdings Limited in London, which began operating
        as Madoff Securities International Limited ("MSIL") in 1988.

25.     BLMIS was engaged in three businesses: investment advisory, market making, and
        proprietary trading.

26.     Madoff registered himself and BLMIS with the SEC as a Registered Investment Advisor
        in August 2006.

27.     Madoff served as vice-chairman of the National Association of Securities Dealers
        ("NASD") and as a member of its board of governors.

28.     On December 11, 2008, Madoff was arrested and charged with securities fraud,
        investment advisor fraud, mail fraud, wire fraud, international money laundering to
        promote fraud in the sales of securities, international money laundering the conceal the
        proceedings of fraud in the sale of securities, money laundering, making false statements,
        perjury, making a false filing with the SEC, and theft from an employee benefit plan.

29.     Madoff engaged in a fraudulent scheme in which he purported to execute, but did not
        actually execute, securities transactions on behalf of BLMIS customers.

30.     Madoff pleaded guilty to the eleven-count information, which alleged— and he
        admitted—that he operated a fraudulent scheme through the IA Business of BLMIS.

31.     Madoff admitted that BLMIS did not engage in the split-strike conversion securities
        trades reported on customer statements between the early 1990s and 2008.

32.     Instead, Madoff deposited funds provided to BLMIS by its customers for investment
        purposes into a bank account numbered xxx-xxx703 at Chase Manhattan Bank.

33.     Madoff perpetuated his fraud by creating fictitious documents, including, but not limited
        to, false BLMIS customer statements that reflected transactions that were never executed.

3

34.   At least five individuals have pleaded guilty to criminal charges in connection with the fraud perpetrated by Madoff through BLMIS.

35.   BLMIS used Friehling & Horowitz as its accountant.

36.   David Friehling of Friehling & Horowitz pleaded guilty to several federal fraud charges for his involvement with Madoff s fraud.

37.   On December 11, 2008, the SEC filed a complaint in the District Court that commenced proceedings against Madoff and BLMIS.

38.   On December 15, 2008, the SEC consented to a combination of its own action with an application of SIPC. Thereafter, SIPC filed an application in the civil action seeking a decree that the customers of BLMIS are in need of the protections afforded by the Securities Investors Protection Act ("SIPA"). The District Court granted SIPC's application and issued a protective order appointing Irving H. Picard, Esq., as Trustee for the liquidation of the business of BLMIS.

39.   Fred Wilpon met Madoff through their children, who attended school together on Long Island.

40.   From the time he joined Sterling Equities through December 11, 2008, Arthur Friedman provided administrative assistance to account holders with respect to the majority of 1KW BLMIS accounts. Among other things, he communicated deposit and withdrawal requests from 1KW BLMIS customers to BLMIS, often by letter, maintained paperwork, including regularly issued monthly account statements, and monitored account balances.

41.   Arthur Friedman generally was responsible for reporting on BLMIS' performance at bi-weekly meetings of the Sterling Partners.

42.   For purposes of Defendants' respective BLMIS accounts at issue in this litigation, each typically received BLMIS correspondence care of Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

43.   Defendants regularly received monthly statements, trade confirmations, and quarterly reports from BLMIS.

44.   BLMIS account statements purported to reflect transactions and investment returns in each Defendant's account.

45.   BLMIS provided tax-related information for the 1KW BLMIS accounts.

46.   The following entity Defendants in the New York Mets ownership chain were BLMIS customers: Sterling Mets LP, Mets Limited Partnership, and Mets II LLC.

47.   Revenues generated by Mets operations typically were deposited into Mets-related BLMIS accounts when they were earned, often before the start of the baseball season,

and then were withdrawn during the course of the baseball season as needed to meet expenses.

48.   Defendant Sterling Mets LP and Defendant Mets Limited Partnership are held by intermediate LLCs and partnerships that are ultimately owned by the Sterling Partners.

49.   Mets Limited Partnership is a limited partnership formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

50.   At all relevant times, the limited partners of Mets Limited Partnership were Mets One LLC and Defendant Mets II LLC, both Delaware limited liability companies.

51.   Mets II LLC is a limited liability company formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

52.   The sole member of Mets II LLC is Sterling Mets Associates II, a New York general partnership. The partners of Sterling Mets Associates II are Fred Wilpon, Saul Katz, Jeffrey Wilpon, David Katz, Thomas Osterman, Marvin Tepper, Arthur Friedman, the Fred Wilpon Family Trust, the Saul B. Katz Family Trust, the Wilpon 2002 Descendants' Trust, the Katz 2002 Descendants' Trust, and the L. Thomas Osterman Family Trust.

53.   The sole general partner of Sterling Mets LP is Mets Partners, Inc., a New York corporation whose sole shareholder is Fred Wilpon and whose officers and/or directors include Fred Wilpon, among others.

54.   The sole limited partner of Sterling Mets LP is Mets Limited Partnership.

55.   The sole member of FS Company LLC is Sterling Heritage LLC.

56.   FS Company LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

57.   Defendant Charles Sterling Sub LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

58.   The sole member of Charles Sterling Sub LLC is Charles Sterling LLC.

59.   Defendant College Place Enterprises LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

60.   The members of College Place Enterprises LLC include Fred Wilpon and Saul Katz.

61. Defendant FFB Aviation LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

62. The members and managers of FFB Aviation LLC include Saul Katz and Michael Katz, among others who are not named as defendants herein.

63. Defendant Iris J. Katz and Saul B. Katz Family Foundation, Inc. (the "Iris J. Katz and Saul B. Katz Family Foundation") is a corporation formed under the laws of the state of Delaware. Saul Katz is the President and a director of the Iris J. Katz and Saul B. Katz Family Foundation. Iris J. Katz and David Katz are also directors of the Iris J. Katz and Saul B. Katz Family Foundation.

64. Defendant Judy and Fred Wilpon Family Foundation, Inc. (the "Judy and Fred Wilpon Family Foundation") is a corporation formed under the laws of the state of Delaware. The directors of the Judy and Fred Wilpon Family Foundation are Fred Wilpon, Judith Wilpon, Jeffrey Wilpon, Robin Wilpon Wachtler, and Bruce N. Wilpon.

65. Defendant Red Valley Partners is a general partnership formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

66. The general partners of Red Valley Partners are David Katz, Heather Katz Knopf, and Natalie Katz O'Brien.

67. Defendant Robbinsville Park LLC is a limited liability company formed under the laws of the state of New York. Its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021. Its registered agent for service of process is Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

68. The members of Robbinsville Park LLC are Sterling Rte 130 LLC and SC Acquisition Corp. The managers of Robbinsville Park LLC are Saul Katz, Richard Wilpon, Michael Katz, and Fred Wilpon.

69. Defendant Sterling Rte 130 LLC is a New York limited liability company whose members are the Fred Wilpon Family Trust, Saul Katz, the Saul B. Katz Family Trust, Richard Wilpon, Michael Katz, the Estate of Leonard Schreier, Marvin Tepper, Thomas Osterman, Arthur Friedman, Jeffrey Wilpon, David Katz, and Robin and Philip Wachtler as joint tenants.

70. Defendant SEE Holdco LLC is a limited liability company formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

71. The members of SEE Holdco LLC include SEE Management LLC, SEE Holdings I, and SEE Holdings II. SEE Management LLC is the managing member of SEE Holdco LLC.

72.    Defendant SEE Management LLC is a Delaware limited liability company whose members and managers are Fred Wilpon and Saul Katz.

73.    Certain entity KW BLMIS accounts were opened by limited liability companies in which one or more of the Sterling Partners held an interest.

74.    Defendant Sterling 10 LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

75.    The members of Sterling 10 LLC include Richard Wilpon, Robin & Philip Wachtler as joint tenants, Robin Wilpon Wachtler, the Scott Wilpon 2000 Trust, the Jessica Wilpon 2000 Trust, Daniel Wilpon, David Katz, Michael Katz, Gregory Katz, Natalie Katz O'Brien, Todd Katz, Daniel and Heather Katz Knopf, Howard Katz, Amy Beth Katz, Dayle Katz, the Dayle & Michael Katz Foundation, Ruth Friedman, Elise C. Tepper, and the Tepper Family Foundation, among others not named as defendants herein.

76.    The managing members of Sterling 10 LLC are Richard Wilpon, Michael Katz, Arthur Friedman, and David Katz.

77.    Defendant Sterling 15C LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

78.    The members of Sterling 15C LLC are Saul Katz, Richard Wilpon, Fred Wilpon, Michael Katz, the Estate of Leonard Schreier, Thomas Osterman, Jeffrey Wilpon, David Katz, Arthur Friedman, the Saul B. Katz Family Trust, the Fred Wilpon Family Trust, Marvin Tepper, and Robin and Philip Wachtler as joint tenants.

79.    Defendant Sterling 20 LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

80.    The members of Sterling 20 LLC include Fred Wilpon, Saul Katz, Richard Wilpon, Michael Katz, Thomas Osterman, Arthur Friedman, Jeffrey Wilpon, Marvin Tepper, Elise C. Tepper, David Katz, and the Fred Wilpon Family Trust.

81.    Fred Wilpon, Saul Katz, Richard Wilpon, and Michael Katz are among the managing members of Sterling 20 LLC.

82.    Defendant Sterling American Advisors II LP is a limited partnership formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

83.    The partners of Sterling American Advisors II LP include Sterling R. I. II LLC and Sterling Internal II LLC, among others not listed as defendants in this action.

84. Defendant Sterling R.F. II LLC is a New York limited liability company whose members include Arthur Friedman, David Katz, Fred Wilpon, Jeffrey Wilpon, Thomas Osterman, Marvin Tepper, Michael Katz, Richard Wilpon, and Saul Katz, among others not listed as defendants herein.

85. Leonard Schreier was a member of Sterling Internal II LLC.

86. Defendant Sterling Brunswick Seven LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

87. The sole member of Sterling Brunswick Seven LLC is Sterling Brunswick Corporation.

88. The managers of Sterling Brunswick Seven LLC are Richard Wilpon and Michael Katz.

89. Defendant Sterling DIST Properties LLC is a limited liability company formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

90. The members of Sterling DIST Properties LLC include Fred Wilpon, the Wilpon 2002 Descendants' Trust, Jeffrey Wilpon, Richard Wilpon, Saul Katz, the Saul B. Katz Family Trust, the Katz 2002 Descendants' Trust, David Katz, Gregory Katz, Arthur Friedman, Marvin Tepper, and Thomas Osterman, among others.

91. The managers of Sterling DIST Properties LLC are Michael Katz, Arthur Friedman, and Richard Wilpon.

92. Defendant Sterling Heritage LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

93. The members of Sterling Heritage LLC are Fred Wilpon, Saul Katz, Richard A. Wilpon, Michael Katz, Estate of Leonard Schreier, Thomas Osterman, Arthur Friedman, Jeffrey Wilpon, David Katz, and Marvin Tepper.

94. The managing members of Sterling Heritage LLC are Fred Wilpon, Richard Wilpon, Saul Katz, Michael Katz, and Arthur Friedman.

95. Defendant Sterling Internal V LLC is a limited liability company formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

96. The members of Sterling Internal V LLC include Fred Wilpon, the Fred Wilpon Family Trust, the Wilpon 2002 Descendants' Trust, Jeffrey Wilpon, Richard Wilpon, Saul Katz, the Saul B. Katz Family Trust, the Katz 2002 Descendants' Trust, Michael Katz, Gregory Katz, Arthur Friedman, Marvin Tepper, and Thomas Osterman, among others not named as defendants herein.

8

97.   Defendant Sterling Thirty Venture LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

98.   The managing members of Sterling Thirty Venture LLC are Fred Wilpon, Saul Katz, Richard Wilpon, Michael Katz, Arthur Friedman, and David Katz.

99.   The members of Sterling Thirty Venture LLC are Fred Wilpon, Saul Katz, Richard Wilpon, Michael Katz, Arthur Friedman, David Katz, the Estate of Leonard Schreier, Thomas Osterman, Jeffrey Wilpon, Valerie Wilpon, Marvin Tepper, Gregory Katz, Todd Katz, Howard Katz, Dayle Katz, and Red Valley Partners. Elise C. Tepper is a former member of Sterling Thirty Venture LLC.

100.  Defendant Red Valley Partners is a New York general partnership whose partners are David Katz, Heather Katz Knopf, and Natalie Katz O'Brien.

101.  Defendant Sterling Tracing LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

102.  The members of Sterling Tracing LLC are Michael Katz, Richard Wilpon, Gregory Katz, Scott Wilpon, Jeffrey Wilpon, Thomas Osterman and Arthur and Ruth Friedman as joint tenants.

103.  Defendant Sterling Twenty Five LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

104.  The members of Sterling Twenty Five LLC include FFB Aviation LLC, Michael Katz, Howard Katz, Arthur and Ruth Freidman as joint tenants, the Dayle H. and Michael Katz Foundation, the Katz 2002 Descendants' Trust, the Wilpon 2002 Descendants' Trust, Dayle Katz, the Thomas Osterman 1999 Trust, the Thomas Osterman Family 2006 Guarantor Trust, Richard Wilpon, Marvin Tepper, Robin and Phillip Wachtler as joint tenants, Gregory and Amy Beth Katz as joint tenants, Todd Katz, the Jessica Wilpon 2000 Trust, the Scott Wilpon 2000 Trust and Daniel Wilpon.

105.  Defendant Sterling VC IV LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

106.  The members of Sterling VC IV LLC include Fred Wilpon, the Fred Wilpon Family Trust, Jeffrey Wilpon, Richard Wilpon, Saul Katz, the Saul B. Katz Family Trust, the Katz 2002 Descendants' Trust, David Katz, Michael Katz, Gregory Katz, the Iris & Saul B. Katz Family Foundation, Arthur Friedman, Marvin Tepper, and Thomas Osterman, among others not named as defendants herein.

107.  Defendant Sterling VC V LLC is a limited liability company formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck

Road, Suite 408, Great Neck, New York 11021 and it accepts service of process courtesy of Sterling Equities at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

108.    The members of Sterling VC V LLC include Fred Wilpon, the Fred Wilpon Family Trust, the Wilpon 2002 Descendants' Trust, Jeffrey Wilpon, Richard Wilpon, Scott Wilpon, Saul Katz, the Saul B. Katz Family Trust, the Katz 2002 Descendants' Trust, David Katz, Michael Katz, Gregory Katz, Arthur Friedman, Marvin Tepper, and Thomas Osterman, among others not named as defendants herein.

109.    The managers of Sterling VC V LLC are Michael Katz, Arthur Friedman, and Richard Wilpon.

110.    Madoff invested in certain Sterling-related real estate deals and business ventures. Each such investment was held in Ruth Madoff s name and any dealings concerning those investments were with Madoff.

111.    Investments by Madoff were made in the name of Ruth Madoff in Sterling Acquisitions and SAP V.

112.    Defendant Sterling Acquisitions LLC is a general partnership formed under the laws of the state of New York and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

113.    The members of Sterling Acquisitions LLC include Ruth Madoff, the Saul B. Katz Family Trust, Fred Wilpon, Richard Wilpon, Michael Katz, Arthur Friedman, Marvin Tepper, Saul Katz, the Fred Wilpon Family Trust, Gregory Katz, Howard Katz, Todd Katz, the Thomas Osterman 1999 Trust, Jeffrey Wilpon, David Katz, Jacqueline G. Tepper, Edward M. Tepper, Heather Katz Knopf, Natalie Katz O'Brien, Thomas Osterman, Scott Wilpon, Jessica Wilpon, Daniel Wilpon, the Iris J. and Saul B. Katz Family Foundation, and the Estate of Leonard Schreier, and Heather Katz Knopf and Dan Knopf are members as tenants-in-common, among others not listed as defendants herein.

114.    Defendant Sterling American Property V LP is a limited partnership formed under the laws of the state of Delaware and its principal place of business is located at 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

115.    The limited partners of Sterling American Property V LP include Ruth Madoff and Peter Madoff, among others not listed as defendants herein. The general partner of Sterling American Property V LP is Sterling American Advisors V LLC.

116.    Defendant Saul B. Katz Family Trust is a trust formed under the laws of the state of New York. The settlor of the Saul B. Katz Family Trust is Saul Katz and the trustees of the Saul B. Katz Family Trust are Michael Katz, Richard Wilpon, Iris Katz, David Katz, Natalie Katz O'Brien and Heather Katz Knopf. The former trustee of the Saul B. Katz Family Trust is Fred Wilpon. The Saul B. Katz Family Trust, trustees and former trustee are collectively referred to herein as the "Saul B. Katz Family Trust." The beneficiaries of the Saul B. Katz Family Trust include David Katz, Natalie Katz O'Brien and Heather Katz Knopf.

117. Saul B. Katz Family Trust held interests in different BLMIS accounts.

118. Defendant Fred Wilpon Family Trust is a trust formed under the laws of the state of New York. The settlor of the Fred Wilpon Family Trust is Fred Wilpon and the trustees of the Fred Wilpon Family Trust are Judith Wilpon, Debra Wilpon and Richard Wilpon. The former trustees of the Fred Wilpon Family Trust are Saul Katz, Michael Katz, and Marvin Tepper. The beneficiaries of the Fred Wilpon Family Trust include Jeffrey Wilpon and Robin Wilpon Wachtler.

119. The Fred Wilpon Family Trust held interests in different BLMIS accounts.

120. Defendant Katz 2002 Descendants' Trust is a trust formed under the laws of the state of New York. The settlor of the Katz 2002 Descendants' Trust is Michael Katz and the trustees of the Katz 2002 Descendants' Trust are Saul Katz and Dayle Katz. The beneficiaries of the Katz 2002 Descendants' Trust include Dayle Katz, Gregory Katz, Howard Katz and Todd Katz.

121. The Katz 2002 Descendants' Trust held interests in different BLMIS accounts.

122. Defendant Wilpon 2002 Descendants' Trust is a trust formed under the laws of the state of New York. The settlor of the Wilpon 2002 Descendants' Trust is Richard Wilpon and the trustees of the Wilpon 2002 Descendants' Trust are Fred Wilpon and Debra Wilpon. The beneficiaries of the Wilpon 2002 Descendants' Trust are Jessica Wilpon, Daniel Wilpon, Debra Wilpon, and Scott Wilpon.

123. The Wilpon 2002 Descendants' Trust held interests in different BLMIS accounts.

124. Defendant Iris Katz maintains her residence in Glen Cove, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

125. Iris Katz is the wife of Saul Katz.

126. Iris Katz held interests in different BLMIS accounts.

127. Iris Katz is named as a Defendant in this action in her individual capacity, and as trustee of the Saul B. Katz Family Trust.

128. Defendant Judith Wilpon maintains her residence in Locust Valley, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

129. Judith Wilpon is the wife of Fred Wilpon.

130. Judith Wilpon held interests in different BLMIS accounts.

131.   Judith Wilpon is named as a Defendant in this action in her individual capacity, as trustee of the Fred Wilpon Family Trust, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

132.   Defendant Dayle Katz maintains her residence in Old Westbury, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

133.   Defendant Dayle Katz is the wife of Michael Katz.

134.   Dayle Katz held interests in different BLMIS accounts.

135.   Dayle Katz is named as a Defendant in this action in her individual capacity, as trustee of the Katz 2002 Descendants' Trust, as beneficiary of the Katz 2002 Descendants' Trust, and as joint tenant in the accounts identified in Section XII of the Amended Complaint.

136.   Defendant Debra Wilpon, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

137.   Debra Wilpon is the wife of Richard Wilpon.

138.   Debra Wilpon held interests in different BLMIS accounts.

139.   Debra Wilpon is named as a Defendant in this action in her individual capacity, as trustee of the Fred Wilpon Family Trust and the Wilpon 2002 Descendants' Trust, as joint tenant, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

140.   Defendant Valerie Wilpon maintains her residence in Greenwich, Connecticut and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

141.   Defendant Valerie Wilpon is the wife of Jeffrey Wilpon.

142.   Valerie Wilpon held interests in different BLMIS accounts.

143.   Valerie Wilpon is named as a Defendant in this action in her individual capacity and as joint tenant in the accounts identified in Section XII of the Amended Complaint.

144.   Bruce N. Wilpon maintains his residence in New York, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

145.   Bruce N. Wilpon is the son of Fred Wilpon.

146.   Bruce N. Wilpon held interests in different BLMIS accounts.

12

147. Defendant Amy Beth Katz maintains her residence in Syosset, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

148. Amy Beth Katz is the wife of Gregory Katz.

149. Amy Beth Katz held interests in different BLMIS accounts.

150. Amy Beth Katz is named as a Defendant in this action in her individual capacity, and as joint tenant in the accounts identified in Section XII of the Amended Complaint.

151. Defendant Heather Katz Knopf maintains her residence in Glen Cove, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

152. Heather Katz Knopf is the daughter of Saul Katz.

153. Heather Katz Knopf held interests in different BLMIS accounts.

154. Heather Katz Knopf is named as a Defendant in this action in her individual capacity, as trustee of the Saul B. Katz Family Trust, as beneficiary of the Saul B. Katz Family Trust, as joint tenant, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

155. Defendant Howard Katz maintains his residence in New York, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

156. Howard Katz is the son of Michael Katz.

157. Howard Katz held interests in different BLMIS accounts.

158. Howard Katz is named as a Defendant in this action in his individual capacity, as beneficiary of the Katz 2002 Descendants' Trust, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

159. Defendant Natalie Katz O'Brien maintains her residence in Glen Cove, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

160. Natalie Katz O'Brien is the daughter of Saul Katz.

161. Natalie Katz O'Brien held interests in different BLMIS accounts.

162. Natalie Katz O'Brien is named as a Defendant in this action in her individual capacity, as trustee of the Saul B. Katz Family Trust, as beneficiary of the Saul B. Katz Family Trust, as joint tenant, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

163.   Defendant Todd Katz maintains his residence in Old Westbury, New York and, for
       purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling
       Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

164.   Todd Katz is the son of Michael Katz.

165.   Todd Katz held interests in different BLMIS accounts.

166.   Todd Katz is named as a Defendant in this action in his individual capacity, as
       beneficiary of the Katz 2002 Descendants' Trust, and as tenant-in-common in the
       accounts identified in Section XII of the Amended Complaint.

167.   Defendant Daniel Wilpon maintains his residence in New York, New York and, for
       purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling
       Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

168.   Daniel Wilpon is the son of Richard Wilpon.

169.   Daniel Wilpon held interests in different BLMIS accounts.

170.   Daniel Wilpon is named as a Defendant in this action in his individual capacity, and as
       beneficiary of the Wilpon 2002 Descendants' Trust.

171.   Defendant Jessica Wilpon maintains her residence in New York, New York and, for
       purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling
       Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

172.   Jessica Wilpon is the daughter of Richard Wilpon.

173.   Jessica Wilpon held interests in different BLMIS accounts.

174.   Jessica Wilpon is named as a Defendant in this action in her individual capacity, and as
       beneficiary of the Wilpon 2002 Descendants' Trust.

175.   Defendant Robin Wilpon Wachtler maintains her residence in Oyster Bay, New York
       and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at
       Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

176.   Robin Wilpon Wachtler is the daughter of Fred Wilpon.

177.   Robin Wilpon Wachtler held interests in different BLMIS accounts.

178.   Robin Wilpon Wachtler is named as a Defendant in this action in her individual capacity,
       as beneficiary of the Fred Wilpon Family Trust, as joint tenant, and as tenant-in-common
       in the accounts identified in Section XII of the Amended Complaint.

179.   Defendant Philip Wachtler maintains his residence in Oyster Bay, New York and, for
       purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling
       Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

14

180.   Philip Wachtler is the husband of Robin Wilpon Wachtler, daughter of Fred Wilpon.

181.   Philip Wachtler held interests in different BLMIS accounts.

182.   Philip Wachtler is named as a Defendant in this action in his individual capacity, as joint tenant, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

183.   Defendant Scott Wilpon maintains his residence in New York, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

184.   Scott Wilpon is the son of Richard Wilpon.

185.   Scott Wilpon held interests in different BLMIS accounts.

186.   Scott Wilpon is named as a Defendant in this action in his individual capacity, and as beneficiary of the Wilpon 2002 Descendants' Trust.

187.   Defendant Ruth Friedman maintains her residence in Glen Cove, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

188.   Ruth Friedman is the wife of Arthur Friedman.

189.   Ruth Friedman is named as a Defendant in this action in her individual capacity, and as joint tenant in the accounts identified in Section XII of the Amended Complaint.

190.   Defendant Phyllis Rebell Osterman maintains her residence in Stamford, Connecticut and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

191.   Phyllis Rebell Osterman is the wife of Thomas Osterman.

192.   Phyllis Rebell Osterman held an interest in approximately one (1) Sterling BLMIS Account as a direct interest-holder.

193.   Phyllis Rebell Osterman is named as a Defendant in this action in her individual capacity in the account identified in Section XII of the Amended Complaint.

194.   Defendant Elise C. Tepper maintains her residence in Sands Point, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

195.   Elise C. Tepper is the wife of Marvin Tepper.

196.   Elise C. Tepper held interests in different BLMIS accounts.

197.   Elise C. Tepper is named as a Defendant in this action in her individual capacity, as joint tenant, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

198.   Defendant Jacqueline G. Tepper maintains her residence in Stamford, Connecticut and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

199.   Jacqueline G. Tepper is the daughter of Marvin Tepper.

200.   Jacqueline G. Tepper held interests in different BLMIS accounts.

201.   Jacqueline G. Tepper is named as a Defendant in this action in her individual capacity, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

202.   Defendant Edward M. Tepper, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

203.   Edward M. Tepper is the son of Marvin Tepper.

204.   Edward M. Tepper held interests in different BLMIS accounts.

205.   Edward M. Tepper is named as a Defendant in this action in his individual capacity, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

206.   Defendant Deyva Schreier Arthur maintains her residence in Troy, New York and, for purposes of the Sterling BLMIS Accounts at issue, received correspondence at Sterling Equities, 111 Great Neck Road, Suite 408, Great Neck, New York 11021.

207.   Deyva Schreier Arthur is the daughter of the late Leonard Schreier, a former Sterling Partner, whose BLMIS Account interests after his death through the Filing Date were held by his estate.

208.   Deyva Schreier Arthur held interests in different BLMIS accounts.

209.   Deyva Schreier Arthur is named as a Defendant in this action in her individual capacity, as beneficiary of the Estate of Leonard Schreier, and as tenant-in-common in the accounts identified in Section XII of the Amended Complaint.

210.   The Sterling Partners and related borrowers regularly used their BLMIS securities accounts to satisfy liquidity requirements or as collateral.

211.   At least 28 KW BLMIS Accounts in which the Sterling Partners, their family members, trusts or related entities held interests were used as collateral for bank loans, the proceeds of which were used for the specific purpose of investing with BLMIS

# Exhibit 2A

## Exhibit 2(A) to Pretrial Consent Order

*Picard v. Saul B. Katz, et al.*, 11-CV-03605 (JSR

**Pursuant to paragraph 4(c) of this Court's Individual Rules, the Trustee hereby sets forth the specific contentions as to the facts that are disputed:**

1.      The Defendants are sophisticated investors.

2.      The Defendants have an expertise in the financial industry and are general partners in a hedge fund of funds with an expertise in due diligence.

3.      The Defendants treated their BLMIS investments as a "sure thing."

4.      The Defendants were aware of facts suggesting a high probability of fraud at BLMIS.

5.      The Defendants consciously avoided confirming any facts suggesting a high probability of fraud at BLMIS.

6.      The Defendants did not engage in any diligence of their BLMIS investments in response to any "red flags" suggesting a high probability of fraud at BLMIS.

7.      The Defendants had a financial motivation to ignore any "red flags" suggesting a high probability of fraud at BLMIS.

8.      The Sterling Equities Partner Defendants operate the Sterling businesses as one.

9.      The Sterling Equities Partner Defendants treated their BLMIS investments collectively and as part of their business.

10.     The willful blindness to BLMIS' fraud of any one Sterling Equities Partner Defendant is imputed to all the Sterling Equities Partner Defendants.

11.     The willful blindness to BLMIS' fraud of any Sterling Equities Partner Defendant is imputed to any Sterling Entity Defendant in which a Sterling Equities Partner Defendant with the requisite lack of good faith is an officer, manager, member, agent, and/or equitable owner.

12.     The willful blindness to BLMIS' fraud of any Sterling Equities Partner Defendant is imputed to any Sterling Non-Partner Family Defendant for which any Sterling Equities Partner Defendant with the requisite lack of good faith served as an agent with respect to their BLMIS investments and/or equitable owner.

# Exhibit 2B

**PRETRIAL CONSENT ORDER IN *PICARD V. KATZ, ET AL.*, 11-CV-03605 (JSR)**
**Defendants' Specific Contentions As to the Facts that Are Disputed**
**Individual Court Rule 4(c)**

1.　　During the two year period at issue before the collapse of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), no Defendant was willfully blind when making deposits into his, her, or its Madoff Securities accounts.

> No Defendant subjectively believed there was a high probability that Bernard L. Madoff ("Madoff") was not trading securities and was running a Ponzi scheme.

> No Defendant took deliberate action to avoid learning through easily accessible information or otherwise that Madoff was not trading securities and was running a Ponzi scheme.

2.　　The knowledge, beliefs, and conduct of any one Defendant cannot be imputed to any other Defendant with respect to investments in Madoff Securities accounts.

> Each Defendant was responsible for the amount and timing of his, her, or its own investment in his, her, or its securities account maintained at Madoff Securities.

> No Defendant authorized any other Defendant to act as agent to decide the amount or timing of investments in his, her, or its securities account maintained at Madoff Securities.

> Neither the partners of Sterling Equities as a group, nor Saul Katz or Arthur Friedman individually, controlled or made investment decisions with respect to Madoff Securities accounts owned by other Defendants.

> Every entity, trust, foundation, or other similar Defendant had a separate legal existence and/or corporate form that at all times was respected.

3.　　No Defendant alleged to have received a subsequent transfer did so with knowledge that the relevant initial transfer was avoidable.

4.　　No alleged subsequent transfer can be traced from an avoidable initial transfer from Madoff Securities to any Defendant.

# Exhibit 3A

Exhibit 3(A) to Pretrial Consent Order

*Picard v. Saul B. Katz, et al.*, 11-CV-03605 (JSR

**Pursuant to paragraph 4(e) of this Court's Individual Rules, the Trustee hereby sets forth a list of the names of witnesses (both fact witnesses and expert witnesses) that each party intends to call, in the likely order of appearance.** [1]

1. Bruce Dubinsky (expert)
2. Saul Katz
3. Arthur Friedman (via video deposition)
4. Cynthia Rongione
5. Lisa Collura[2] (expert)
6. Matt Greenblatt (expert)
7. Leonard Labita
8. Maureen Hawa (via video deposition)
9. Mark Peskin
10. Joseph Reese
11. Michael Katz
12. Steven Kenny
13. Kevin Barcelona
14. Peter Stamos (via video deposition)
15. Basil Stamos (via video deposition)
16. Kevin Dunleavy
17. David Katz
18. Noreen Harrington

---

[1] The Trustee reserves all rights as necessary to call rebuttal witnesses not identified herein.

[2] A possible agreement or stipulation between the Parties may obviate the need for all or part of Collura and Greenblatt's testimony.

# Exhibit 3B

**PRETRIAL CONSENT ORDER IN *PICARD V. KATZ, ET AL.*, 11-CV-03605 (JSR)**
**Defendants' Witness List in Likely Order of Appearance**
**Individual Court Rule 4(e)**

1.   Fred Wilpon
2.   Mark Peskin
3.   Saul Katz
4.   Arthur Friedman*
5.   Peter Stamos
6.   Ashok Chachra
7.   Steve Kenny
8.   Charles Klein
9.   Robert Rosenthal
10.  Michael Dowling
11.  Sandy Koufax
12.  Robert Morgenthau

* Due to illness, Mr. Friedman is unavailable for trial and will be appearing by videotaped deposition.