*Picard v. Katz, the Mets Ltd. Partnership*

*Docket as a:*

*11 civ 3605 (JSR)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/12

## Memorandum of Understanding

The Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Defendants (the "Defendants") in the litigation (the "Madoff Litigation") captioned Picard v. Katz, et al, Civ. 03605 (JSR), agree to a final settlement (the "Settlement") on the terms set forth below.

1. Legally Binding Agreement. This agreement, which is made as of March 16, 2012, (the "Agreement") sets forth all of the material terms of the Settlement and is intended to be legally enforceable and binding on the parties.

2. Mutual Releases. The Trustee and the Defendants will release each other from any and all claims that have been or could have been asserted in the Madoff Litigation or any other present or future litigation or proceeding relating to or arising out of the liquidation of BLMIS (the "Trustee Claims"). Such releases shall exclude any claim arising out of the enforcement of this Agreement.

3. Payment Obligations. The Defendants will pay or cause to be paid to the Trustee an aggregate amount of $162 million (the "Settlement Payment"). The Settlement Payment will be made as follows:

    (a) The Defendants will unconditionally and irrevocably assign to the Trustee 100% of all recoveries in respect of their Customer Claims from any source, including from any forfeiture fund established by the U.S. Department of Justice pursuant to 28 C.F.R. Part 9 ("Customer Claim Recoveries"), up to and including the amount of the Settlement Payment during the five years from the date of court approval of this Agreement. For the avoidance of doubt, the Defendants will be entitled to retain any Customer Claim Recoveries in excess of the Required Payment.

    (b) During the first three years after the date of court approval of this Agreement, the Defendants' payment obligation hereunder is limited to Customer Claim Recoveries (i.e., during such three year period, the Defendants will be under no obligation to make any payments in excess of Customer Claim Recoveries).

    (c) If by the end of the third year, the payments to the Trustee from Customer Claim Recoveries have not satisfied the Settlement Payment, the remaining unpaid amount (the "Remaining Amount") shall be divided into two equal annual installments payable by Defendants at the end of the fourth and fifth years, less any additional Customer Claim Recoveries received and assigned to the Trustee during those years. Subject to paragraph 5 below, payment obligations pursuant to this clause (c) will be several, not joint, among the Defendants proportional to the respective "six year fictitious profits" claims against each Defendant, as set forth in the Madoff Litigation.

4. Claims Against Madoff Estate and Similar Matters. The Defendants' Customer Claims shall be allowed in full and will be entitled to full recovery thereon on the same basis as all other "good faith" BLMIS customers, except that (i) SIPC will not be obligated to "advance" funds to the

Defendants pursuant to SIPA Section 78 fff-3 and (ii) Customer Claim Recoveries will be assigned as set forth above. "Customer Claims" means all claims of any Defendant against the BLMIS Estate, the fund for victims of BLMIS established by the U.S. Department of Justice or any similar fund for the benefit of BLMIS customers. The parties agree that Defendants' Customer Claims total approximately $178 million.

5. <u>Guarantee</u>. Fred Wilpon and Saul Katz, jointly and severally, and on behalf of all Defendants, will irrevocably and unconditionally guarantee the payment of the Remaining Amount up to a total aggregate amount of $29 million.

6. <u>Termination of Litigation</u>. The parties will stipulate to the dismissal with prejudice of the Madoff Litigation. The Defendants agree to terminate and not pursue any other litigation involving the Trustee or SIPC arising out of or relating to BLMIS, including the "net equity" appeal.

7. <u>Announcements</u>. The announcement of the Settlement will include a statement by the Trustee that he has reviewed the evidence and determined that he will no longer pursue the willful blindness claim against Defendants. All parties agree not to make any disparaging statement with respect to each other or the Settlement.

8. <u>Access to Information</u>. From and after the date hereof until April 13, 2012, the Defendants will provide the Trustee with reasonable access to information that enables the Trustee to confirm the financial basis for the Settlement and the representations of the Defendants.

9. <u>Conditions</u>. Notwithstanding any provision of this Agreement to the contrary, the obligations of the Trustee are subject to the approval of the Settlement by the District Court pursuant to Bankruptcy Rule 9019. Notwithstanding any provision of this Agreement to the contrary, the obligations of the Defendants under this Agreement are subject to the receipt of all required lender approvals. The parties will seek to obtain the required approvals as expeditiously as possible, but in no event later than April 13, 2012.

10. <u>Definitive Documentation</u>. The parties will work in good faith to enter into definitive documentation reflecting the terms set forth above and other terms customary for agreements of this type as expeditiously as reasonably possible, but in no event later than April 13, 2012. In the event that the parties are not able to reach agreement with respect to any terms of the definitive documentation by such date, those terms will be resolved through a process of binding arbitration, with the arbitration to be conducted by a lawyer selected by former Governor Mario Cuomo. The arbitrator's obligation will be to resolve any disagreement by reference to the terms that are customary for agreements of this type. Regardless of whether any terms are to be resolved through arbitration, the Settlement shall be binding on the parties.

11. <u>Governing Law</u>. This Agreement will be governed by and construed in accordance with the laws of the State of New York without regard to the conflict of law rules thereof that would provide for the application of the law of any other jurisdiction, and each party consents to the exclusive jurisdiction of the United States District Court for the Southern District of New York with respect to any matter arising out of, or relating to, the Settlement.

12. <u>Miscellaneous</u>. This Agreement shall be binding upon and inure to the benefit of each party hereto and their respective successors, heirs, personal representatives and estates. This

Agreement may be signed in any number of counterparts, each of which shall be deemed an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

For the SIPA Trustee for the Liquidation of Bernard L. Madoff Securities LLC

By: _____
David J. Sheehan

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200

*Attorneys for Irving H. Picard, Esq.
Trustee for the Substantively
Consolidated SIPA Liquidation of
Bernard L. Madoff Investment
Securities LLC And Bernard Madoff*

For the Defendants

By: _____
Robert F. Wise, Jr.

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for Defendants*