UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
IRVING H. PICARD,

                Plaintiff,

    - against -             :   11-CV-03605 (JSR)(HBP)

SAUL B. KATZ, et al.,

                Defendants.
------------------------------------ x

### [PROPOSED] ORDER ON DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER AND ORDER APPROVING SETTLEMENT AGREEMENT

Defendants in the above-captioned matter having asked this Court to enforce this Court's order, dated May 31, 2012, authorizing and approving the parties' April 13, 2012 Settlement Agreement and the protective order, dated October 30, 2011 ("Protective Order"), entered in *Picard v. Katz, et al.*, (11-CV-03605) (JSR) ("*Katz*") with respect to a subpoena ("Subpoena"), dated July 31, 2012, issued pursuant to Rule 45 of the Federal Rules of Civil Procedure by Irving H. Picard, trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and Bernard L. Madoff, as plaintiff in *Picard v. Merkin et al.*, Adv. Pro. No. 09-01182 (BRL) ("*Merkin*");[1]

Upon consideration of the parties' arguments submitted in letters to the Court and during oral argument on August 22, 2012, and upon the Trustee's statement that he is seeking documents in response to the Subpoena, or in response to any subpoena issued by the Trustee in

---

[1] The Subpoena seeks only documents that were previously designated as "Confidential" or "Highly Confidential" by Defendants pursuant to the Protective Order.

*Merkin* to a third party that was also a producing party in *Katz* (together, "Rule 45 *Katz* Documents"[2]), solely for the purpose of proving his case-in-chief in the *Merkin* litigation;

It is hereby ORDERED:

1. The Rule 45 *Katz* Documents shall be subject to the Protective Order entered in *Picard v. Katz, et al.*, 11-CV-03605 (JSR) (ECF No. 66). The Trustee and the defendants in *Merkin* shall be bound by the Protective Order with respect to the Rule 45 *Katz* Documents.

2. In the event that the Trustee receives a request to disclose any of the Rule 45 *Katz* Documents to anyone other than the defendants in *Merkin*, the Trustee shall provide Defendants and/or the appropriate producing party with ten (10) business days' notice so that Defendants and/or the appropriate producing party may seek a protective order or other appropriate remedy before this Court or before the court or tribunal issuing the order, subpoena, or directive, depending upon the issue raised. In the event that Defendants and/or the appropriate producing party do not file a motion for a protective order or seek other judicial relief within ten (10) business days of receiving notice, the Trustee may comply with the request. Any party to which the Trustee discloses Rule 45 *Katz* Documents under this paragraph shall be bound by this Order and the Protective Order and shall be provided with copies of both.

3. In the event that the *Merkin* defendants receive a request to disclose any of the Rule 45 *Katz* Documents, the *Merkin* defendants shall provide Defendants and/or the appropriate producing party with ten (10) business days' notice so that Defendants and/or the appropriate producing party may seek a protective order or other appropriate remedy before this Court or before the court or tribunal issuing the order, subpoena, or directive, depending upon the issue raised. In the event that Defendants and/or the appropriate producing party do not file a motion

---

[2] Rule 45 *Katz* Documents do not include any of Defendants' documents that previously were produced to the *Merkin* defendants with Defendants' consent.

for a protective order or seek other judicial relief within ten (10) business days of receiving notice, the *Merkin* defendants may comply with the request. Any party to which the *Merkin* defendants disclose Rule 45 *Katz* Documents under this paragraph shall be bound by this Order and the Protective Order and shall be provided with copies of both.

4. Neither the Trustee nor the *Merkin* defendants may use the Rule 45 *Katz* Documents for any purpose other than in the *Merkin* litigation, absent written consent from the producing party and the written agreement of the receiving party to be bound by this Order and the Protective Order with respect to the Rule 45 *Katz* Documents.

5. Nothing herein shall prejudice the ability of Defendants, or any other *Katz* producing party that is served with a Rule 45 subpoena in the *Merkin* litigation, to challenge any such subpoena on any ground in the appropriate court, including with respect to the relevance of any of the documents sought in connection with the Trustee's *Merkin* case-in-chief.

6. Compliance with or any motion, objection, or other response to the Subpoena, or to any other Rule 45 subpoena that was issued by the Trustee in *Merkin* to a *Katz* producing party, must be filed or served, as applicable, on or before Tuesday, September 11, 2012.

SO ORDERED.

This 31 Day of ~~September~~ August, 2012

JED S. RAKOFF
UNITED STATES DISTRICT JUDGE